UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ON SEMICONDUCTOR CORP.<br><br>and<br><br>SEMICONDUCTOR COMPONENTS<br>  INDUSTRIES, LLC,<br><br>                 Plaintiffs,<br><br>                v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>  AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>                 Defendants. | Civil Action No. 6:06-cv-523 (LED)<br><br>JURY TRIAL DEMANDED |

**ANSWER**

Defendants Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor L.L.C. (collectively, "Defendants") hereby demand a jury trial and answer the allegations of the Complaint for Patent Infringement ("Complaint") filed by Plaintiffs ON Semiconductor Corp. and Semiconductor Components Industries, LLC (collectively, "Plaintiffs") as follows:

## THE PARTIES

**Complaint Paragraph 1:**

1. Plaintiff ON Semiconductor is a Delaware corporation with its principal place of business at 5005 East McDowell Road, Phoenix, AZ 85008.

**Answer to Complaint Paragraph 1:**

    Admitted.

**Complaint Paragraph 2:**

2. Plaintiff Semiconductor Components, a Delaware limited liability company with its principal place of business at 5005 East McDowell Road, Phoenix, AZ 85008, is the principal domestic operating subsidiary of ON Semiconductor, and does business under the name of ON Semiconductor.

**Answer to Complaint Paragraph 2:**

    Defendants admit that Plaintiff Semiconductor Components is a Delaware limited liability company with its principal place of business at 5005 East McDowell Road, Phoenix, AZ 85008, and that Plaintiffs have represented that Plaintiff Semiconductor Components is the principal domestic operating subsidiary of Plaintiff ON Semiconductor and does business under the name "ON Semiconductor." Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the allegations in Complaint Paragraph 2 and therefore deny same.

**Complaint Paragraph 3:**

3. On information and belief, Defendant Samsung Electronics Co., Ltd. ("SEC") is a corporation organized and existing under the laws of Republic of Korea with its principal place of business at Samsung Main Building, 250, Taepyong-ro 2-ka, Chung-ku, Seoul 100-742, South Korea. On information and belief, SEC manufactures and, in cooperation with its subsidiaries, markets throughout the world, including in this district and elsewhere in the United States, a variety of semiconductor products including dynamic random access memory ("DRAM") devices.

USCA5 145

**Answer to Complaint Paragraph 3:**

Defendants admit the allegations in the first sentence of Complaint Paragraph 3, admit that co-defendant SEC manufactures and sells a wide range of products in the United States and abroad, including DRAMs, and admit that SEC has one or more subsidiaries. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations of Complaint Paragraph 3 and therefore deny same.

**Complaint Paragraph 4:**

4. Defendant Samsung Electronics America, Inc. ("SEA") is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660. On information and belief, SEA is a subsidiary of SEC and sells and otherwise markets, in this district and elsewhere in the United States, a variety of electronic and semiconductor products.

**Answer to Complaint Paragraph 4:**

Defendants admit the allegations in the first sentence of Complaint Paragraph 4, admit that SEA is subsidiary of SEC, admit that SEA markets consumer electronics and information technology products in the United States, and admit that SEA conducts business in the State of Texas as well as other states. Except as so admitted, Defendants deny the allegations in Complaint Paragraph 4, and deny that SEA has committed any acts of infringement within the Eastern District of Texas or elsewhere.

**Complaint Paragraph 5:**

5. Defendant Samsung Telecommunications America General, L.L.C. ("STA") is a Delaware limited liability company with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082. On information and belief, STA is a subsidiary of SEC and sells and otherwise markets, in this district and elsewhere in the United States, a variety of electronic and semiconductor products.

**Answer to Complaint Paragraph 5:**

Defendants admit the allegations in the first sentence of Complaint Paragraph 5, admit that STA markets personal and business communications products in the United States, and admit that STA conducts business in the State of Texas as well as other states. Except as so

3

admitted, Defendants deny the allegations in Complaint Paragraph 5, and deny that STA has committed any acts of infringement within the Eastern District of Texas or elsewhere.

**Complaint Paragraph 6:**

6. Defendant Samsung Semiconductor, Inc. ("SSI") is a California corporation with its principal place of business at 3655 North First Street, San Jose, California 95134. On information and belief, SSI is a subsidiary of SEC and sells and otherwise markets in this district and elsewhere in the United States, a variety of electronic and semiconductor products.

**Answer to Complaint Paragraph 6:**

Defendants admit the allegations in the first sentence of Complaint Paragraph 6, admit that SSI markets electronics products such as memory products, hard disk drives, and LCD displays in the United States, and admit that SSI conducts business in the State of Texas as well as other states. Except as so admitted, Defendants deny the allegations in Complaint Paragraph 6, and deny that SSI has committed any acts of infringement within the Eastern District of Texas or elsewhere.

**Complaint Paragraph 7:**

7. On information and belief, Defendant Samsung Austin Semiconductor, L.L.C. ("SAS") is a Delaware limited liability company with its principal place of business at 12100 Samsung Boulevard, Austin, Texas 78754. On information and belief, SAS is a subsidiary of SEC and sells and otherwise markets, in this district and elsewhere in the United States, a variety of semiconductor products including DRAM devices.

**Answer to Complaint Paragraph 7:**

Defendants admit the allegations in the first sentence of Complaint Paragraph 7 and admit that SAS conducts business in the State of Texas as well as other states. Except as so admitted, Defendants deny the allegations in Complaint Paragraph 7, and deny that SAS has committed any acts of infringement within the Eastern District of Texas or elsewhere.

USCA5 147

## JURISDICTION AND VENUE

**Complaint Paragraph 8:**

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*

**Answer to Complaint Paragraph 8:**

Defendants admit that the Complaint purports to state claims against Defendants for patent infringement under the patent laws of the United States, but deny that they have committed any acts of infringement within the Eastern District of Texas or elsewhere. Defendants also admit that as a federal district court this Court has subject matter jurisdiction over patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338. Defendants deny, however, that this action was properly filed by Plaintiffs in this Court. This action is duplicative of an earlier-filed action involving the same issues and parties that is pending in the United States District Court for the District of Delaware, Civil Action No. 06-CV-0720 filed on November 30, 2006, and therefore should be transferred to the District of Delaware.

**Complaint Paragraph 9:**

9. This Court has personal jurisdiction over each of the Defendants. The Defendants have had minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this district and specifically as a result of, at least, the Defendants' distribution network wherein Defendants place their products that infringe Semiconductor Component's patents within the stream of commerce, which stream is directed at this district as well as Texas, and by committing the tort of patent infringement and/or contributing to or inducing acts of patent infringement by others within Texas and this district.

**Answer to Complaint Paragraph 9:**

Defendants admit that STA and SAS are subject to personal jurisdiction in the State of Texas, and that SEA and SSI conduct business in the State of Texas as well as other states. Except as so admitted, Defendants deny the allegations in Complaint Paragraph 9, and deny that they have committed any acts of infringement within the Eastern District of Texas or

5

elsewhere. Defendants further state that this action was improperly filed in this Court by Defendants. This action is duplicative of an earlier-filed action involving the same issues and parties that is pending in the United States District Court for the District of Delaware, Civil Action No. 06-CV-0720 filed on November 30, 2006, and therefore should be transferred to the District of Delaware.

**Complaint Paragraph 10:**

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Defendants have regularly conducted business in this judicial district and certain of the acts complained of herein occurred in this judicial district.

**Answer to Complaint Paragraph 10:**

Defendants deny that venue is proper in this district. This action is duplicative of an earlier-filed action involving the same issues and parties that is pending in the United States District Court for the District of Delaware, Civil Action No. 06-cv-0720 filed on November 30, 2006. The District of Delaware is therefore the proper venue for this action, and this case should be transferred. Plaintiffs have also failed to allege facts sufficient to demonstrate under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) that Defendants would be subject to personal jurisdiction in this District if it were a separate state, or that Defendants have a regular and established place of business in this District.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,563,594

**Complaint Paragraph 11:**

11. The allegations contained in paragraphs 1 through 10 are incorporated by reference as if fully set herein.

**Answer to Complaint Paragraph 11:**

Defendants repeat and reallege their responses to paragraphs 1 through 10 of the Complaint as though set forth in this paragraph.

USCA5 149

**Complaint Paragraph 12:**

12. United States Patent No. 5,563,594 ("the '594 patent"), entitled "Circuit and Method of Timing Data Transfers," was duly and legally issued by the United States Patent and Trademark Office on October 8, 1996. Plaintiffs hold all right and interest in the '594 patent, including the right to sue for past, present and future infringement. A copy of the '594 patent is attached hereto as Exhibit A.

**Answer to Complaint Paragraph 12:**

Defendants admit that the '594 patent is entitled "Circuit and Method of Timing Data Transfers" and was issued on October 8, 1996. Defendants further admit that a copy of the '594 patent is attached as Exhibit A to the Complaint along with a copy of a certificate of correction. Defendants further admit that Plaintiffs purport to hold all right and interest in the '594 patent including the right to sue for infringement. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the allegations in Complaint Paragraph 12 and therefore deny same.

**Complaint Paragraph 13:**

13. Defendants are infringing the '594 patent under one or more sections of 35 U.S.C., § 271 in this judicial district and elsewhere in the United States by the manufacture, use, sale, offer for sale and/or importation into the United States of product(s) falling within the scope of one or more claims of the '594 patent.

**Answer to Complaint Paragraph 13:**

Denied.

**Complaint Paragraph 14:**

14. On information and belief, Defendants also contribute to and/or induce the infringement of at least one claim of the '594 patent.

**Answer to Complaint Paragraph 14:**

Denied.

**Complaint Paragraph 15:**

7

15. Plaintiffs have been damaged by Defendants' infringement of the '594 patent. Plaintiffs are entitled to recover from each of the Defendants the damages sustained by them as a result of each of the Defendants' wrongful acts.

**Answer to Complaint Paragraph 15:**

> Denied.

**Complaint Paragraph 16:**

16. Defendants' infringement of Semiconductor Component's exclusive rights under the '594 patent will continue to damage Plaintiffs' business, causing irreparable harm, for which there is no adequate remedy at law, unless each of the Defendants is enjoined by this Court.

**Answer to Complaint Paragraph 16:**

> Denied.

**Complaint Paragraph 17:**

17. Defendants have had actual knowledge of the '594 patent and their infringement is deliberate and willful, entitling Plaintiffs to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**Answer to Complaint Paragraph 17:**

> Denied.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,362,644**

**Complaint Paragraph 18:**

18. The allegations contained in paragraphs 1 through 17 are incorporated by reference as if fully set herein.

**Answer to Complaint Paragraph 18:**

> Defendants repeat and reallege their responses to paragraphs 1 through 17 of the

Complaint as though set forth in this paragraph.

**Complaint Paragraph 19:**

19. United States Patent No. 6,362,644 ("the '644 patent"), entitled "Programmable Termination for Integrated Circuits," was duly and legally issued by the United States Patent and Trademark Office on March 26, 2002. Plaintiffs hold all right and interest in

8

the '644 patent, including the right to sue for past, present and future infringement. A copy of the '644 patent is attached hereto as Exhibit B.

**Answer to Complaint Paragraph 19:**

Defendants admit that the '644 patent is entitled "Programmable Termination for Integrated Circuits" and was issued on March 26, 2002. Defendants further admit that a copy of the '644 patent is attached as Exhibit B to the Complaint. Defendants further admit that Plaintiffs purport to hold all right and interest in the '644 patent including the right to sue for infringement. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the allegations in Complaint Paragraph 19 and therefore deny same.

**Complaint Paragraph 20:**

20. Defendants are infringing the '644 patent under one or more sections of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States by the manufacture, use, sale, offer for sale and/or importation into the United States of product(s) falling within the scope of one or more claims of the '644 patent.

**Answer to Complaint Paragraph 20:**

Denied.

**Complaint Paragraph 21:**

21. On information and belief, Defendants also contribute to and/or induce the infringement of at least one claim of the '644 patent.

**Answer to Complaint Paragraph 21:**

Denied.

**Complaint Paragraph 22:**

22. Plaintiffs have been damaged by Defendants' infringement of the '644 patent. Plaintiffs are entitled to recover from each of the Defendants the damages sustained by Plaintiffs as a result of each of the Defendants' wrongful acts.

**Answer to Complaint Paragraph 22:**

Denied.

**Complaint Paragraph 23:**

23. Defendants' infringement of Semiconductor Component's exclusive rights under the '644 patent will continue to damage Plaintiffs' business, causing irreparable harm, for which there is no adequate remedy at law, unless each of the Defendants is enjoined by this Court.

**Answer to Complaint Paragraph 23:**

    Denied.

**Complaint Paragraph 24:**

24. Defendants have had actual knowledge of the '644 patent and their infringement is deliberate and willful, entitling Plaintiffs to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**Answer to Complaint Paragraph 24:**

    Denied.

### COUNT III – INFRINGEMENT OF U.S. PATENT NO. 5,361,001

**Complaint Paragraph 25:**

25. The allegations contained in paragraphs 1 through 24 are incorporated by reference as if fully set herein.

**Answer to Complaint Paragraph 25:**

    Defendants repeat and reallege their responses to paragraphs 1 through 24 of the Complaint as though set forth in this paragraph.

**Complaint Paragraph 26:**

26. United States Patent No. 5,361,001 ("the '001 patent"), entitled "Circuit and Method of Previewing Analog Trimming," was duly and legally issued by the United States Patent and Trademark Office on November 1, 1994. Plaintiffs hold all right and interest in the '001 patent, including the right to sue for past, present and future infringement. A copy of the '001 patent is attached hereto as Exhibit C.

**Answer to Complaint Paragraph 26:**

    Defendants admit that the '001 patent is entitled "Circuit and Method of Previewing Analog Trimming" and was issued on November 1, 1994. Defendants further admit that a

USCA5 153

copy of the '001 patent is attached as Exhibit C to the Complaint. Defendants further admit that Plaintiffs purport to hold all right and interest in the '001 patent including the right to sue for infringement. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the allegations in Complaint Paragraph 26 and therefore deny same.

**Complaint Paragraph 27:**

27. Defendants are infringing the '001 patent under one or more sections of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States by the manufacture, use, sale, offer for sale and/or importation into the United States of product(s) falling within the scope of one or more claims of the '001 patent.

**Answer to Complaint Paragraph 27:**

Denied.

**Complaint Paragraph 28:**

28. On information and belief, Defendants also contribute to and/or induce the infringement of at least one claim of the '001 patent.

**Answer to Complaint Paragraph 28:**

Denied.

**Complaint Paragraph 29:**

29. Plaintiffs have been damaged by Defendants' infringement of the '001 patent. Plaintiffs are entitled to recover from each of the Defendants the damages sustained by Plaintiffs as a result of each of the Defendants' wrongful acts.

**Answer to Complaint Paragraph 29:**

Denied.

**Complaint Paragraph 30:**

30. Defendants' infringement of Semiconductor Component's exclusive rights under the '001 patent will continue to damage Plaintiffs business, causing irreparable harm, for which there is no adequate remedy at law, unless each of the Defendants is enjoined by this Court.

USCA5 154

**Answer to Complaint Paragraph 30:**

    Denied.

**Complaint Paragraph 31:**

31. Defendants have had actual knowledge of the '001 patent and their infringement is deliberate and willful, entitling Plaintiffs to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**Answer to Complaint Paragraph 31:**

    Denied.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,000,827

**Complaint Paragraph 32:**

32. The allegations contained in paragraphs 1 through 31 are incorporated by reference as if fully set herein.

**Answer to Complaint Paragraph 32:**

    Defendants repeat and reallege their responses to paragraphs 1 through 31 of the Complaint as though set forth in this paragraph.

**Complaint Paragraph 33:**

33. United States Patent No. 5,000,827 ("the '827 patent"), entitled "Method and Apparatus for Adjusting Plating Solution Flow Characteristics at Substrate Cathode Periphery to Minimize Edge Effect," was duly and legally issued by the United States Patent and Trademark Office on March 19, 1991. Plaintiffs hold all right and interest in the '827 patent, including the right to sue for past, present and future infringement. A copy of the '827 patent is attached hereto as Exhibit D.

**Answer to Complaint Paragraph 33:**

    Defendants admit that the '827 patent is entitled "Method and Apparatus for Adjusting Plating Solution Flow Characteristics at Substrate Cathode Periphery to Minimize Edge Effect" and was issued on March 19, 1991. Defendants further admit that a copy of the '827 patent is attached as Exhibit D to the Complaint. Defendants further admit that Plaintiffs purport to hold all right and interest in the '827 patent including the right to sue for

12

infringement. Except as so admitted, Defendants lack knowledge or information sufficient to form a belief as to the allegations in Complaint Paragraph 33 and therefore deny same.

**Complaint Paragraph 34:**

34. Defendants are infringing the '827 patent under one or more sections of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States by the manufacture, use, sale, offer for sale and/or importation into the United States of product(s) falling within the scope of one or more claims of the '827 patent.

**Answer to Complaint Paragraph 34:**

　　Denied.

**Complaint Paragraph 35:**

35. On information and belief, Defendants also contribute to and/or induce the infringement of at least one claim of the '827 patent.

**Answer to Complaint Paragraph 35:**

　　Denied.

**Complaint Paragraph 36:**

36. Plaintiffs have been damaged by Defendants' infringement of the '827 patent. Plaintiffs are entitled to recover from each of the Defendants the damages sustained by Plaintiffs as a result of each of the Defendants' wrongful acts.

**Answer to Complaint Paragraph 36:**

　　Denied.

**Complaint Paragraph 37:**

37. Defendants' infringement of Semiconductor Component's exclusive rights under the '827 patent will continue to damage Plaintiffs' business, causing irreparable harm, for which there is no adequate remedy at law, unless each of the Defendants is enjoined by this Court.

**Answer to Complaint Paragraph 37:**

　　Denied.

USCA5 156

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief whatsoever from Defendants or this Court, either as requested in the Complaint or otherwise.

## GENERAL DENIAL

Defendants further deny each and every allegation contained in the Complaint to which Defendants have not specifically responded.

## AFFIRMATIVE DEFENSES

Defendants allege and assert the following defenses in response to the allegations of Plaintiffs' Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, Defendants specifically reserve all rights to allege additional affirmative defenses that become known through the course of discovery.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted as to one or more of the Defendants.

### Second Affirmative Defense

Venue is not proper in this judicial district. An earlier-filed action involving the same issues and parties is pending in the United States District Court for the District of Delaware, Civil Action No. 06-cv-0720 filed on November 30, 2006. Pursuant to the first-filed rule, the proper venue for this action is the United States District Court for the District of Delaware. Plaintiffs have also failed to demonstrate under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) that Defendants would be subject to personal jurisdiction in this District if it were a separate state, or that Defendants have a regular and established place of business in this District.

USCA5 157

**Third Affirmative Defense**

Defendants have not directly or indirectly infringed and are not directly or indirectly infringing any valid and enforceable claim of any of U.S. Patent Nos. 5,563,594, 6,362,644, 5,361,001, and 5,000,827, either literally or under the doctrine of equivalents.

**Fourth Affirmative Defense**

The claims of U.S. Patent Nos. 5,563,594, 6,362,644, 5,361,001, and 5,000,827 are invalid for failure to meet the requirements of the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Fifth Affirmative Defense**

Plaintiffs are estopped, based on statements, representations, and admissions made during prosecution of the applications that led to U.S. Patent Nos. 5,563,594, 6,362,644, 5,361,001, and/or 5,000,827 from asserting any interpretation of the claims of U.S. Patent Nos. 5,563,594, 6,362,644, 5,361,001, and/or 5,000,827 that would be broad enough to cover any of Defendants' products or methods alleged to infringe U.S. Patent Nos. 5,563,594, 6,362,644, 5,361,001, and/or 5,000,827, either literally or under the doctrine of equivalents.

**Sixth Affirmative Defense**

Plaintiffs are barred by the doctrine of laches from enforcing the claims of one or more of U.S. Patent Nos. 5,563,594, 6,362,644, 5,361,001, and 5,000,827 against Defendants.

**Seventh Affirmative Defense**

Plaintiffs cannot satisfy the requirements applicable to their request for injunctive relief at least because any alleged injury to Plaintiffs is not immediate or irreparable and Plaintiffs have an adequate remedy at law.

USCA5 158

**REQUEST FOR JURY TRIAL**

Defendants demand and request trial by jury on all issues raised that are triable by a jury.

| | |
|---|---|
| Dated: December 26, 2006 | */s/ Michael E. Jones* <br> Michael E. Jones <br> State Bar No. 10929400 <br> mikejones@potterminton.com <br> Allen F. Gardner <br> State Bar No. 24043679 <br> allengardner@potterminton.com <br> POTTER MINTON <br> A Professional Corporation <br> 110 North College 500 Plaza Tower <br> Tyler, Texas X 75702 <br> (903) 597-8311 <br> (903) 593-0846 (Facsimile) <br><br> *Attorneys for Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor L.L.C.* |

OF COUNSEL:

John M. Desmarais
James E. Marina
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022-4675
(212) 446-4800

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 26, 2006. Any other counsel of record will be served by first class on this same date.

*/s/ Michael E. Jones*

USCA5 159