UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ON SEMICONDUCTOR CORP.<br><br>and<br><br>SEMICONDUCTOR COMPONENTS<br>  INDUSTRIES, LLC,<br><br>              Plaintiffs,<br><br>              v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>  AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>              Defendants. | Civil Action No. 6:06-cv-523<br><br>JURY TRIAL DEMANDED |

**ANSWER OF SAMSUNG ELECTRONICS CO., LTD.**

Defendant Samsung Electronics Co., Ltd. ("SEC") hereby respectfully demands a jury trial and answers the allegations of the Complaint for Patent Infringement ("Complaint") filed by Plaintiffs ON Semiconductor Corp. and Semiconductor Components Industries, LLC (collectively, "Plaintiffs") as follows:

## THE PARTIES

**Complaint Paragraph 1:**

1. Plaintiff ON Semiconductor is a Delaware corporation with its principal place of business at 5005 East McDowell Road, Phoenix, AZ 85008.

**Answer to Complaint Paragraph 1:**

    Admitted.

**Complaint Paragraph 2:**

2. Plaintiff Semiconductor Components, a Delaware limited liability company with its principal place of business at 5005 East McDowell Road, Phoenix, AZ 85008, is the principal domestic operating subsidiary of ON Semiconductor, and does business under the name of ON Semiconductor.

**Answer to Complaint Paragraph 2:**

    SEC admits that Plaintiff Semiconductor Components is a Delaware limited liability company with its principal place of business at 5005 East McDowell Road, Phoenix, AZ 85008, and that Plaintiffs have represented that Plaintiff Semiconductor Components is the principal domestic operating subsidiary of Plaintiff ON Semiconductor and does business under the name "ON Semiconductor."  Except as so admitted, SEC lacks knowledge or information sufficient to form a belief as to the allegations in Complaint Paragraph 2 and therefore denies same.

**Complaint Paragraph 3:**

3. On information and belief, Defendant Samsung Electronics Co., Ltd. ("SEC") is a corporation organized and existing under the laws of Republic of Korea with its principal place of business at Samsung Main Building, 250, Taepyong-ro 2-ka, Chung-ku, Seoul 100-742, South Korea. On information and belief, SEC manufactures and, in cooperation with its subsidiaries, markets throughout the world, including in this district and elsewhere in the United States, a variety of semiconductor products including dynamic random access memory ("DRAM") devices.

USCA5 307

**Answer to Complaint Paragraph 3:**

SEC admits the allegations in the first sentence of Complaint Paragraph 3, admits that its subsidiaries manufacture and sell a wide range of products in the United States and abroad, including DRAMs, and admits that it has one or more subsidiaries. Except as so admitted, SEC denies the allegations in Complaint Paragraph 3, and denies that it has committed any acts of infringement within the Eastern District of Texas or elsewhere.

**Complaint Paragraph 4:**

4. Defendant Samsung Electronics America, Inc. ("SEA") is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660. On information and belief, SEA is a subsidiary of SEC and sells and otherwise markets, in this district and elsewhere in the United States, a variety of electronic and semiconductor products.

**Answer to Complaint Paragraph 4:**

SEC admits the allegations in the first sentence of Complaint Paragraph 4, admits that SEA is subsidiary of SEC, admits that SEA markets consumer electronics and information technology products in the United States, and admits that SEA conducts business in the State of Texas as well as other states. Except as so admitted, SEC denies the allegations in Complaint Paragraph 4, and denies that SEA has committed any acts of infringement within the Eastern District of Texas or elsewhere.

**Complaint Paragraph 5:**

5. Defendant Samsung Telecommunications America General, L.L.C. ("STA") is a Delaware limited liability company with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082. On information and belief, STA is a subsidiary of SEC and sells and otherwise markets, in this district and elsewhere in the United States, a variety of electronic and semiconductor products.

**Answer to Complaint Paragraph 5:**

SEC admits the allegations in the first sentence of Complaint Paragraph 5, admits that STA markets personal and business communications products in the United States, and admits that STA conducts business in the State of Texas as well as other states. Except as so

admitted, SEC denies the allegations in Complaint Paragraph 5, and denies that STA has committed any acts of infringement within the Eastern District of Texas or elsewhere.

**Complaint Paragraph 6:**

6. Defendant Samsung Semiconductor, Inc. ("SSI") is a California corporation with its principal place of business at 3655 North First Street, San Jose, California 95134. On information and belief, SSI is a subsidiary of SEC and sells and otherwise markets in this district and elsewhere in the United States, a variety of electronic and semiconductor products.

**Answer to Complaint Paragraph 6:**

SEC admits the allegations in the first sentence of Complaint Paragraph 6, admits that SSI markets electronics products such as memory products, hard disk drives, and LCD displays in the United States, and admits that SSI conducts business in the State of Texas as well as other states. Except as so admitted, SEC denies the allegations in Complaint Paragraph 6, and denies that SSI has committed any acts of infringement within the Eastern District of Texas or elsewhere.

**Complaint Paragraph 7:**

7. On information and belief, Defendant Samsung Austin Semiconductor, L.L.C. ("SAS") is a Delaware limited liability company with its principal place of business at 12100 Samsung Boulevard, Austin, Texas 78754. On information and belief, SAS is a subsidiary of SEC and sells and otherwise markets, in this district and elsewhere in the United States, a variety of semiconductor products including DRAM devices.

**Answer to Complaint Paragraph 7:**

SEC admits the allegations in the first sentence of Complaint Paragraph 7 and admits that SAS conducts business in the State of Texas as well as other states. Except as so admitted, SEC denies the allegations in Complaint Paragraph 7, and denies that SAS has committed any acts of infringement within the Eastern District of Texas or elsewhere.

## JURISDICTION AND VENUE

**Complaint Paragraph 8:**

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*

**Answer to Complaint Paragraph 8:**

SEC admits that the Complaint purports to state claims for patent infringement under the patent laws of the United States, but denies that SEC or any of the other Defendants have committed any acts of infringement within the Eastern District of Texas or elsewhere. SEC also admits that as a federal district court this Court has subject matter jurisdiction over patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338. SEC denies, however, that this action was properly filed by Plaintiffs in this Court. This action is duplicative of an earlier-filed action involving the same issues and parties that is pending in the United States District Court for the District of Delaware, Civil Action No. 06-CV-0720 filed on November 30, 2006, and therefore should be transferred to the District of Delaware.

**Complaint Paragraph 9:**

9. This Court has personal jurisdiction over each of the Defendants. The Defendants have had minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this district and specifically as a result of, at least, the Defendants' distribution network wherein Defendants place their products that infringe Semiconductor Component's patents within the stream of commerce, which stream is directed at this district as well as Texas, and by committing the tort of patent infringement and/or contributing to or inducing acts of patent infringement by others within Texas and this district.

**Answer to Complaint Paragraph 9:**

SEC admits that it conducts business in the United States. Except as so admitted, SEC denies the allegations in Complaint Paragraph 9, and denies that SEC or any of the other Defendants have committed any acts of infringement within the Eastern District of Texas or elsewhere. SEC further states that this action was improperly filed in this Court by

5

Plaintiffs. This action is duplicative of an earlier-filed action involving the same issues and parties that is pending in the United States District Court for the District of Delaware, Civil Action No. 06-CV-0720 filed on November 30, 2006, and therefore should be transferred to the District of Delaware.

**Complaint Paragraph 10:**

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Defendants have regularly conducted business in this judicial district and certain of the acts complained of herein occurred in this judicial district.

**Answer to Complaint Paragraph 10:**

SEC denies that venue is proper in this district. This action is duplicative of an earlier-filed action involving the same issues and parties that is pending in the United States District Court for the District of Delaware, Civil Action No. 06-CV-0720 filed on November 30, 2006. The District of Delaware is therefore the proper venue for this action, and this case should be transferred. Plaintiffs have also failed to demonstrate that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b), because Plaintiffs have failed to demonstrate that SEC would be subject to personal jurisdiction in this District if it were a separate State.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,563,594**

**Complaint Paragraph 11:**

11. The allegations contained in paragraphs 1 through 10 are incorporated by reference as if fully set herein.

**Answer to Complaint Paragraph 11:**

SEC repeats and realleges its responses to paragraphs 1 through 10 of the Complaint as though set forth in this paragraph.

USCA5 311

**Complaint Paragraph 12:**

12. United States Patent No. 5,563,594 ("the '594 patent"), entitled "Circuit and Method of Timing Data Transfers," was duly and legally issued by the United States Patent and Trademark Office on October 8, 1996. Plaintiffs hold all right and interest in the '594 patent, including the right to sue for past, present and future infringement. A copy of the '594 patent is attached hereto as Exhibit A.

**Answer to Complaint Paragraph 12:**

SEC admits that the '594 patent is entitled "Circuit and Method of Timing Data Transfers" and was issued on October 8, 1996. SEC further admits that a copy of the '594 patent is attached as Exhibit A to the Complaint filed with the Court, along with a copy of a certificate of correction. SEC further admits that Plaintiffs purport to hold all right and interest in the '594 patent including the right to sue for infringement. Except as so admitted, SEC lacks knowledge or information sufficient to form a belief as to the allegations in Complaint Paragraph 12 and therefore denies same.

**Complaint Paragraph 13:**

13. Defendants are infringing the '594 patent under one or more sections of 35 U.S.C., § 271 in this judicial district and elsewhere in the United States by the manufacture, use, sale, offer for sale and/or importation into the United States of product(s) falling within the scope of one or more claims of the '594 patent.

**Answer to Complaint Paragraph 13:**

Denied.

**Complaint Paragraph 14:**

14. On information and belief, Defendants also contribute to and/or induce the infringement of at least one claim of the '594 patent.

**Answer to Complaint Paragraph 14:**

Denied.

USCA5 312

**Complaint Paragraph 15:**

15. Plaintiffs have been damaged by Defendants' infringement of the '594 patent. Plaintiffs are entitled to recover from each of the Defendants the damages sustained by them as a result of each of the Defendants' wrongful acts.

**Answer to Complaint Paragraph 15:**

    Denied.

**Complaint Paragraph 16:**

16. Defendants' infringement of Semiconductor Component's exclusive rights under the '594 patent will continue to damage Plaintiffs' business, causing irreparable harm, for which there is no adequate remedy at law, unless each of the Defendants is enjoined by this Court.

**Answer to Complaint Paragraph 16:**

    Denied.

**Complaint Paragraph 17:**

17. Defendants have had actual knowledge of the '594 patent and their infringement is deliberate and willful, entitling Plaintiffs to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**Answer to Complaint Paragraph 17:**

    Denied.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,362,644**

**Complaint Paragraph 18:**

18. The allegations contained in paragraphs 1 through 17 are incorporated by reference as if fully set herein.

**Answer to Complaint Paragraph 18:**

    SEC repeats and realleges its responses to paragraphs 1 through 17 of the Complaint as though set forth in this paragraph.

USCA5 313

**Complaint Paragraph 19:**

19. United States Patent No. 6,362,644 ("the '644 patent"), entitled "Programmable Termination for Integrated Circuits," was duly and legally issued by the United States Patent and Trademark Office on March 26, 2002. Plaintiffs hold all right and interest in the '644 patent, including the right to sue for past, present and future infringement. A copy of the '644 patent is attached hereto as Exhibit B.

**Answer to Complaint Paragraph 19:**

SEC admits that the '644 patent is entitled "Programmable Termination for Integrated Circuits" and was issued on March 26, 2002. SEC further admits that a copy of the '644 patent is attached as Exhibit B to the Complaint filed with the Court. SEC further admits that Plaintiffs purport to hold all right and interest in the '644 patent including the right to sue for infringement. Except as so admitted, SEC lacks knowledge or information sufficient to form a belief as to the allegations in Complaint Paragraph 19 and therefore denies same.

**Complaint Paragraph 20:**

20. Defendants are infringing the '644 patent under one or more sections of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States by the manufacture, use, sale, offer for sale and/or importation into the United States of product(s) falling within the scope of one or more claims of the '644 patent.

**Answer to Complaint Paragraph 20:**

Denied.

**Complaint Paragraph 21:**

21. On information and belief, Defendants also contribute to and/or induce the infringement of at least one claim of the '644 patent.

**Answer to Complaint Paragraph 21:**

Denied.

**Complaint Paragraph 22:**

22. Plaintiffs have been damaged by Defendants' infringement of the '644 patent. Plaintiffs are entitled to recover from each of the Defendants the damages sustained by Plaintiffs as a result of each of the Defendants' wrongful acts.

USCA5 314

**Answer to Complaint Paragraph 22:**

Denied.

**Complaint Paragraph 23:**

23. Defendants' infringement of Semiconductor Component's exclusive rights under the '644 patent will continue to damage Plaintiffs' business, causing irreparable harm, for which there is no adequate remedy at law, unless each of the Defendants is enjoined by this Court.

**Answer to Complaint Paragraph 23:**

Denied.

**Complaint Paragraph 24:**

24. Defendants have had actual knowledge of the '644 patent and their infringement is deliberate and willful, entitling Plaintiffs to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**Answer to Complaint Paragraph 24:**

Denied.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 5,361,001**

**Complaint Paragraph 25:**

25. The allegations contained in paragraphs 1 through 24 are incorporated by reference as if fully set herein.

**Answer to Complaint Paragraph 25:**

SEC repeats and realleges its responses to paragraphs 1 through 24 of the Complaint

as though set forth in this paragraph.

**Complaint Paragraph 26:**

26. United States Patent No. 5,361,001 ("the '001 patent"), entitled "Circuit and Method of Previewing Analog Trimming," was duly and legally issued by the United States Patent and Trademark Office on November 1, 1994. Plaintiffs hold all right and interest in the '001 patent, including the right to sue for past, present and future infringement. A copy of the '001 patent is attached hereto as Exhibit C.

USCA5 315

**Answer to Complaint Paragraph 26:**

SEC admits that the '001 patent is entitled "Circuit and Method of Previewing Analog Trimming" and was issued on November 1, 1994. SEC further admits that a copy of the '001 patent is attached as Exhibit C to the Complaint filed with the Court. SEC further admits that Plaintiffs purport to hold all right and interest in the '001 patent including the right to sue for infringement. Except as so admitted, SEC lacks knowledge or information sufficient to form a belief as to the allegations in Complaint Paragraph 26 and therefore denies same.

**Complaint Paragraph 27:**

27. Defendants are infringing the '001 patent under one or more sections of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States by the manufacture, use, sale, offer for sale and/or importation into the United States of product(s) falling within the scope of one or more claims of the '001 patent.

**Answer to Complaint Paragraph 27:**

Denied.

**Complaint Paragraph 28:**

28. On information and belief, Defendants also contribute to and/or induce the infringement of at least one claim of the '001 patent.

**Answer to Complaint Paragraph 28:**

Denied.

**Complaint Paragraph 29:**

29. Plaintiffs have been damaged by Defendants' infringement of the '001 patent. Plaintiffs are entitled to recover from each of the Defendants the damages sustained by Plaintiffs as a result of each of the Defendants' wrongful acts.

**Answer to Complaint Paragraph 29:**

Denied.

USCA5 316

**Complaint Paragraph 30:**

30. Defendants' infringement of Semiconductor Component's exclusive rights under the '001 patent will continue to damage Plaintiffs business, causing irreparable harm, for which there is no adequate remedy at law, unless each of the Defendants is enjoined by this Court.

**Answer to Complaint Paragraph 30:**

>    Denied.

**Complaint Paragraph 31:**

31. Defendants have had actual knowledge of the '001 patent and their infringement is deliberate and willful, entitling Plaintiffs to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**Answer to Complaint Paragraph 31:**

>    Denied.

### COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 5,000,827

**Complaint Paragraph 32:**

32. The allegations contained in paragraphs 1 through 31 are incorporated by reference as if fully set herein.

**Answer to Complaint Paragraph 32:**

>    SEC repeats and realleges its responses to paragraphs 1 through 31 of the Complaint

as though set forth in this paragraph.

**Complaint Paragraph 33:**

33. United States Patent No. 5,000,827 ("the '827 patent"), entitled "Method and Apparatus for Adjusting Plating Solution Flow Characteristics at Substrate Cathode Periphery to Minimize Edge Effect," was duly and legally issued by the United States Patent and Trademark Office on March 19, 1991. Plaintiffs hold all right and interest in the '827 patent, including the right to sue for past, present and future infringement. A copy of the '827 patent is attached hereto as Exhibit D.

**Answer to Complaint Paragraph 33:**

>    SEC admits that the '827 patent is entitled "Method and Apparatus for Adjusting

Plating Solution Flow Characteristics at Substrate Cathode Periphery to Minimize Edge

USCA5 317

Effect" and was issued on March 19, 1991. SEC further admits that a copy of the '827 patent is attached as Exhibit D to the Complaint filed with the Court. SEC further admits that Plaintiffs purport to hold all right and interest in the '827 patent including the right to sue for infringement. Except as so admitted, SEC lacks knowledge or information sufficient to form a belief as to the allegations in Complaint Paragraph 33 and therefore denies same.

**Complaint Paragraph 34:**

34. Defendants are infringing the '827 patent under one or more sections of 35 U.S.C. § 271 in this judicial district and elsewhere in the United States by the manufacture, use, sale, offer for sale and/or importation into the United States of product(s) falling within the scope of one or more claims of the '827 patent.

**Answer to Complaint Paragraph 34:**

Denied.

**Complaint Paragraph 35:**

35. On information and belief, Defendants also contribute to and/or induce the infringement of at least one claim of the '827 patent.

**Answer to Complaint Paragraph 35:**

Denied.

**Complaint Paragraph 36:**

36. Plaintiffs have been damaged by Defendants' infringement of the '827 patent. Plaintiffs are entitled to recover from each of the Defendants the damages sustained by Plaintiffs as a result of each of the Defendants' wrongful acts.

**Answer to Complaint Paragraph 36:**

Denied.

**Complaint Paragraph 37:**

37. Defendants' infringement of Semiconductor Component's exclusive rights under the '827 patent will continue to damage Plaintiffs' business, causing irreparable harm, for which there is no adequate remedy at law, unless each of the Defendants is enjoined by this Court.

USCA5 318

**Answer to Complaint Paragraph 37:**

Denied.

### RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

SEC denies that Plaintiffs are entitled to any relief whatsoever from Defendants or this Court, either as requested in the Complaint or otherwise.

### GENERAL DENIAL

SEC further denies each and every allegation contained in the Complaint to which SEC has not specifically responded.

### AFFIRMATIVE DEFENSES

SEC alleges and asserts the following defenses in response to the allegations of Plaintiffs' Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the affirmative defenses described below, SEC specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

#### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

#### Second Affirmative Defense

Venue is not proper in this judicial district. An earlier-filed action involving the same issues and parties is pending in the United States District Court for the District of Delaware, Civil Action No. 06-CV-0720 filed on November 30, 2006.  Pursuant to the first-filed ruled, the proper venue for this action is the United States District Court for the District of Delaware.  Plaintiffs have also failed to demonstrate that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b), because Plaintiffs have failed to

USCA5 319

demonstrate that SEC would be subject to personal jurisdiction in this District if it were a separate State.

### Third Affirmative Defense

Defendants have not directly or indirectly infringed and are not directly or indirectly infringing any valid and enforceable claim of any of U.S. Patent Nos. 5,563,594, 6,362,644, 5,361,001, and 5,000,827, either literally or under the doctrine of equivalents.

### Fourth Affirmative Defense

The claims of U.S. Patent Nos. 5,563,594, 6,362,644, 5,361,001, and 5,000,827 are invalid for failure to meet the requirements of the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fifth Affirmative Defense

Plaintiffs are estopped, based on statements, representations, and admissions made during prosecution of the applications that led to U.S. Patent Nos. 5,563,594, 6,362,644, 5,361,001, and/or 5,000,827 from asserting any interpretation of the claims of U.S. Patent Nos. 5,563,594, 6,362,644, 5,361,001, and/or 5,000,827 that would be broad enough to cover any of Defendants' products or methods alleged to infringe U.S. Patent Nos. 5,563,594, 6,362,644, 5,361,001, and/or 5,000,827, either literally or under the doctrine of equivalents.

### Sixth Affirmative Defense

Plaintiffs are barred by the doctrine of laches from enforcing the claims of one or more of U.S. Patent Nos. 5,563,594, 6,362,644, 5,361,001, and 5,000,827.

### Seventh Affirmative Defense

Plaintiffs cannot satisfy the requirements applicable to their request for injunctive relief at least because any alleged injury to Plaintiffs is not immediate or irreparable and Plaintiffs have an adequate remedy at law.

USCA5 320

**REQUEST FOR JURY TRIAL**

 SEC respectfully demands and requests trial by jury on all issues raised that are triable by a jury.

| | |
|---|---|
| Dated: April 20, 2007 | */s/ Allen F. Gardner* <br> Michael E. Jones <br> State Bar No. 10929400 <br> Allen F. Gardner <br> State Bar No. 24043679 <br> POTTER MINTON <br> 110 North College 500 Plaza Tower <br> Tyler, Texas X 75702 <br> Telephone: (903) 597-8311 <br> Facsimile: (903) 593-0846 <br> mikejones@potterminton.com <br> allengardner@potterminton.com <br><br> Attorneys for *Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor L.L.C.* |

OF COUNSEL:

John M. Desmarais
James E. Marina
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022-4675
(212) 446-4800

**CERTIFICATE OF SERVICE**

 I hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served this 20th day of April, 2007, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by first class mail on this same date.

             */s/ Allen F. Gardner*

USCA5 321