# MORRIS, NICHOLS, ARSHT & TUNNELL

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

KAREN JACOBS LOUDEN
(302) 351-9227
(302) 425-4681 FAX
klouden@mnat.com

October 5, 2007

**BY E-FILING**

The Honorable Joseph J. Farnan
United States District Court
844 North King Street
Wilmington, DE 19801

      Re:    *ON Semiconductor v. Samsung Electronics Co. Ltd.*, C.A. No. 07-449 (JJF)

Dear Judge Farnan:

      We submit herewith on behalf of the parties a proposed Scheduling Order in anticipation of the Scheduling Conference this afternoon.

                Respectfully,

                */s/ Karen Jacobs Louden*

                klouden@mnat.com

/cbh
Enc.
cc:    Clerk of the Court (by hand) (w/enc.)
        John W. Shaw, Esq. (by email and hand) (w/enc.)
        James E. Marina, Esq. (by email) (w/enc.)
        Behrooz Shariati, Esq. (by email) (w/enc.)

1255492

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, LLC,<br><br>        Plaintiffs,<br><br>        v.<br><br>SAMSUNG ELECTRONICS CO. LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>  AMERICA GENERAL, LLC,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR LLC,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)   C.A. No. 07-449 (JJF)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**[PROPOSED] SCHEDULING ORDER SUBMITTED BY
PLAINTIFFS ON SEMICONDUCTOR CORP. AND
<u>SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC.</u>**

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a scheduling conference pursuant to Fed. R. Civ. P. 16,

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by **October 19, 2007**, the information required by Fed. R. Civ. P. 26(a)(1).

2. **Joinder of Other Parties.** All motions to join other parties shall be filed on or before **November 19, 2007**.

3. **Discovery.**

    (a) Exchange and completion of contention interrogatories, identification of fact witnesses, and document production shall be commenced so as to be completed by **March 21, 2008**.

(b) Maximum of **forty (40)** interrogatories, including contention interrogatories, for each side.

(c) On Semiconductor Proposal: Requests for admission shall be unlimited, but if a party believes that any requests served upon it are oppressive, unnecessary, or duplicative of other discovery, it may for good cause shown seek a protective order from the Court.

Samsung Proposal: Requests for admission shall be limited to 100.

(d) Maximum of **125** hours of deposition by plaintiffs and **125** hours of deposition by defendants, excluding expert depositions.

(e) On **Movember 19, 2007** each party asserting patent infringement shall serve upon the other parties a list of asserted claims for each asserted patent.

(f) On **March 3, 2008** each party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6).

(g) On **March 17, 2008** the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes. Each such "Preliminary Claim Construction" shall also, for each element which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that element.

(h) On **Marh 31, 2008** the parties shall complete and file a Joint Claim Construction Chart, which shall contain the following information:

      (i)      The construction of those claim terms, phrases, or clauses on which the parties agree;

      (ii)     Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses; and

      (iii)    Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

(i) All claim construction discovery must be commenced so as to be completed by **March 31, 2008**.

(j) All fact discovery must be commenced so as to be completed by **June 16, 2008**.

(k) Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) on issues for which a party bears the burden of proof are due **July 21, 2008**. Rebuttal expert reports are due **August 18, 2008**.

(l) Expert depositions shall be commenced so as to be completed by **September 29, 2008**.

(m) Notwithstanding the foregoing, if the Court's Markman Order issues after June 16, 2008 but on or before July 14, 2008, the dates in paragraphs (k) and (l) shall be modified as follows: Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) on issues for which a party bears the burden of proof shall be due four (4) weeks following the issuance of the Court's Markman Order. Rebuttal expert reports shall be due four (4) weeks from the date of service of the parties' burden of proof expert reports. Expert depositions shall be commenced so as to be completed 4 weeks from the date of service of the parties' rebuttal expert reports.

(n) If the Court's Markman Order issues later than July 14, 2008, the dates in paragraphs (k) and (l) shall still apply, and the parties shall have ten (10) business days to supplement their respective technical expert reports following the issuance of the Court's Markman order only to the extent necessary to conform to any claim construction different from another party's proposed construction. The parties shall have ten (10) business days following the service of such supplemental technical expert reports to supplement their corresponding rebuttal expert reports only to the extent necessary to respond to new matter raised in the supplemental technical expert reports. The parties will cooperate in good faith to

schedule and complete any expert depositions necessary due to supplementation of the parties' respective technical expert reports.

4. **Non-Case Dispositive Motions.**

(a) Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion. The Notice of Motion shall indicate the date on which the movant seeks to have the motion heard. The date selected shall be within 30 days of the filing of the motion and allow or briefing in accordance with the Federal and Local Rules. Available motion dates will be posted on the Court's website at www.ded.uscourts.gov.

(b) At the motion hearing, each side will be allocated twenty (20) minutes to argue and respond to questions from the Court.

(c) Upon filing of the Notice of Motion, a copy of said Notice shall be sent to Chambers by e-mail at: jjf_civil@ded.uscourts.gov.

5. **Amendment of the Pleadings.** All motions to amend the pleadings shall be filed on or before **May 19, 2008**.

6. **Case Dispositive Motions.** Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before **October 27, 2008**. Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. The Court will issue a separate Order regarding procedures for filing summary judgment motions.

7. **Markman.** The parties shall file opening claim construction briefs on **April 14, 2008** and answering claim construction briefs on **April 28, 2008**. A claim construction hearing

shall be held on **May ___, 2008**. The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

    8.   **Applications by Motion.**

        (a) Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective June 30, 2007). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1 and be made in accordance with the Court's December 15, 2006 Order on Procedures for Filing Non-dispositive motions in Patent Cases. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

        (b) No facsimile transmissions will be accepted.

        (c) No telephone calls shall be made to Chambers.

        (d) Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

    9.   **Pretrial Conference and Trial.**

On Semiconductor's Proposal: The Court will hold a Pretrial Conference on **December ___, 2008**. A ten day jury trial is scheduled to commence on **February ___, 2009**.

_____                     _____
DATE                                        UNITED STATES DISTRICT JUDGE

Case 1:07-cv-00449-JJF   Document 46-2   Filed 10/05/2007   Page 7 of 7