IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>  AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>Plaintiffs,<br><br>v.<br><br>ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, LLC,<br><br>Defendants. | Civil Action No. 06-720 (JJF) |
| ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>  AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C.,<br><br>Defendants. | Civil Action No. 07-449 (JJF) |

**NOTICE OF RULE 30(b)(6) DEPOSITION OF DEFENDANTS/COUNTERCLAIM
PLAINTIFFS REGARDING CERTAIN ON SEMICONDUCTOR PROCESSES AND
<u>PRODUCTS</u>**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C. will take the deposition upon oral examination of Defendants ON Semiconductor Corp. and Semiconductor Components Industries, LLC through one or more of its officers, directors, employees, agents or other persons who consent to testify on its behalf with respect to the topics listed in Appendix A.

The deposition will be taken by stenographic and/or videographic means before a notary public, or other officer authorized by law to administer oaths, at the offices of Kirkland & Ellis LLP, c/o Edward C. Donovan, located at 655 Fifteenth Street, N.W., Washington, D.C. 20005, commencing at 9:30 am on June 19, 2008 and will continue from day to day, as necessary, until completed. Samsung will use LiveNote. Samsung is willing to discuss with ON Semiconductor the convenience of this date for the deposition.

PLEASE TAKE FURTHER NOTICE that Samsung hereby requests that ON Semiconductor, at least by June 10, 2008, designate by service upon counsel for Samsung, the person or persons who will testify on ON Semiconductor's behalf regarding the topics set forth in Appendix A, and identify for each person so designated those topics or parts thereof to which (s)he will testify.

2

Dated:  May 30, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600
alundgren@ycst.com

**OF COUNSEL:**

John M. Desmarais
Jon T. Hohenthaner
James E. Marina
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022-4611
Telephone:  212-446-4800
Facsimile:  212-446-4900
E-mail:  jdesmarais@kirkland.com
jhohenthaner@kirkland.com
jmarina@kirkland.com

Edward C. Donovan
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
(202) 879-5000

Attorneys For *SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., AND SAMSUNG AUSTIN SEMICONDUCTOR, L.L.C.*

3

## APPENDIX A

**I.    DEFINITIONS AND INSTRUCTIONS**

1.    As used herein, "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C., and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

2.    As used herein, "ON Semiconductor" means ON Semiconductor Corp. and Semiconductor Components Industries, LLC, and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

3.    As used herein, "Samsung Patent-in-Suit" means all patents asserted by Samsung against ON Semiconductor in this action, including any corrections and certificates of reexamination, including without limitation U.S. Patent No. 5,252,177.

4.    As used herein, "Accused ON Semiconductor Process" means any method, process, steps, or any combination thereof used by ON Semiconductor or on its behalf that Samsung contends at any time during this litigation falls within the scope of any claim of the Samsung Patent-In-Suit, including but not limited to ON Semiconductor's EPI85DL, EPI85I, EPI99, EG14V, EPI92, EPI92DL, EPI92M, EG30, and EG17VDL manufacturing processes.

5.    As used herein, "Product" means systems or products that are produced, or contain components that are produced in whole or in part, from semiconductor materials that

undergo processing that includes etching. Products include, but are not limited to, analog circuits, digital circuits, mixed-signal circuits, power management circuits, thermal managers, drivers, interface circuits, bipolar transistors, FETs, switches, amplifiers and comparators, EMI / RFI filters, diodes, rectifiers, thyristors, clock managers, and differential and standard logic components(individually or when integrated together).

6.    As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

7.    As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

8.    As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

9.    As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to requests and definitions containing those words.

10.    As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

11.    As used herein, the term "identify" as applied to a product means to state the product name, product type, product number (for those products with product numbers), model number (for those products with model numbers), marketing name, sales name, internal development name, revision level (for those products with revision levels), manufacturer, and any other designation known to ON Semiconductor.

2

12. As used herein, the term "identify" as applied to a process means to state the process name, process number (for those processes with process numbers), internal development name, revision level (for those processes with revision levels), and any other designation known to ON Semiconductor.

13. As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes the original and every non-identical copy or reproduction in the possession, custody, or control of ON Semiconductor, and further is used in a broad sense to refer to any electronic information or any tangible object or thing that contains, conveys, or records information.

3

## II.     DEPOSITION TOPICS

The deposition pursuant to Fed. R. Civ. P. 30(b)(6) will cover the following matters:

1.     Each and every Accused ON Semiconductor Process.

2.     Each and every process for forming an electrical connection in a semiconductor device between a first conductive layer and a second conductive layer through an intervening insulation layer formed over the first conductive layer, that includes at least the steps of: (i) forming a photoresist pattern on the insulation layer; (ii) etching regions of the insulation layer to expose the first conductive layer; (iii) removing photoresist from the insulation layer; (iv) forming an oxide layer on the exposed surface of the first conductive layer; (v) removing the oxide layer; and (vi) forming the second conductive layer.

3.     Identification of each and every Product made by any Accused ON Semiconductor Process or incorporating components made by an Accused ON Semiconductor process.

4.     Identification, including location, of each and every manufacturing facility that has or does use an Accused ON Semiconductor Process.

5.     Documents and databases containing technical information regarding each process referred to in Topics 1 and/or 2, and identification of persons who created and/or maintain those documents and databases.

6.     Documents and databases created or used in designing, developing, operating, or testing each process referred to in Topics 1 and/or 2, and identification of persons who created and/or maintain those documents and databases.

7.     Identification of persons responsible for the design, development, operation, or testing of each process referred to in Topics 1 and/or 2.

4

8. The organizational structure and personnel hierarchy of ON Semiconductor with respect to its divisions and subsidiaries both in general and also with respect to the design, manufacture, marking, sale, and distribution of Products made by any Accused ON Semiconductor Process or incorporating components made by an Accused ON Semiconductor process.

9. The entities involved in the manufacture, distribution, and sale of any Product made by any Accused ON Semiconductor Process or incorporating components made by an Accused ON Semiconductor process from the point of manufacture to the point of sale or distribution in the United States, including the entities' respective ownership interests.

10. For each entity involved in the manufacture of any Product made by any Accused ON Semiconductor Process or incorporating components made by an Accused ON Semiconductor process, (a) the types, sizes, model numbers, and/or categories of such Products manufactured by each entity and (b) each subsequent entity involved in the sale, marketing, and distribution of each such Product, including the proportion and amounts of products transferred to each subsequent entity.

11. Authentication and business record foundation for documents related to the above topics.

**CERTIFICATE OF SERVICE**

I, Andrew A. Lundgren, Esquire, hereby certify that on May 30, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Karen Jacobs Louden, Esquire [*klouden@mnat.com*]
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> PO Box 1347
> Wilmington, DE 19899-1347

I further certify that on May 30, 2008, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

> Behrooz Shariati, Esquire [*bshariati@jonesday.com*]
> T. Gregory Lanier, Esquire [*tglanier@jonesday.com*]
> Jones Day
> 1755 Embarcadero Road
> Palo Alto, CA 94025

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> /s/ *Andrew A. Lundgren*
> Andrew A. Lundgren (No. 4429)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE 19801
> 302-571-6600
> *alundgren@ycst.com*