IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS CO., LTD, SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., <br><br> Plaintiffs, <br> v. <br><br> ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, L.L.C., <br><br> Defendants. | : : : : : : : : : : : : : : : : : | Civil Action No. 06-720 (JJF) |
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, L.L.C., <br><br> Plaintiffs, <br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD, SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., <br><br> Defendants. | : : : : : : : : : : : : : : : : : | Civil Action No. 07-449 (JJF) |

**NOTICE OF RULE 30(b)(6) DEPOSITION OF DEFENDANTS/COUNTERCLAIM PLAINTIFFS REGARDING THE SUBJECT MATTER OF THE '827 PATENT**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Samsung Electronics Co., Ltd, Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor L.L.C., (collectively "Samsung") will take the deposition upon oral examination of Defendants and Counterclaim Plaintiffs ON Semiconductor, Corp. & Semiconductor Components Industries, L.L.C. (collectively "ON Semiconductor"), through one or more of its officers, directors, employees, agents or other persons who consent to testify on its behalf, with respect to the topics listed in Appendix A.

The deposition will be taken by stenographic and/or videographic means before a notary public or other officer authorized by law to administer oaths, at the offices of Kirkland & Ellis LLP, c/o Edward C. Donovan, located at 655 Fifteenth Street, N.W., Washington, D.C. 20005, commencing at 9:30 am, on June 24, 2008, and will continue from day to day, as necessary, until completed. Samsung will use LiveNote. Samsung is willing to discuss with ON Semiconductor the convenience of this date and/or location for the deposition.

PLEASE TAKE FURTHER NOTICE that Samsung hereby requests that ON Semiconductor, at least by June 10, 2008, designate by service upon counsel for Samsung, the person or persons who will testify on its behalf regarding the topics set forth in Appendix A, and to identify for each person so designated those topics or parts thereof to which s(he) will testify.

Dated: May 30, 2008

YOUNG, CONAWAY, STARGATT & TAYLOR LLP

*[signature]*

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801-0391
(302) 571-6700
alundgren@ycst.com

**OF COUNSEL:**

John M. Desmarais
Gregory S. Arovas
Jon T. Hohenthaner
James E. Marina
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611
(212) 446-4739

Edward C. Donovan
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
(202) 879-5000

*Attorneys for Samsung Electronics Co., Ltd, Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor L.L.C.*

## **APPENDIX A**

I. **DEFINITIONS**

   1. As used herein, "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C., and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

   2. As used herein, "ON Semiconductor" means ON Semiconductor Corp. and Semiconductor Components Industries, LLC, and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

   3. As used herein, "'827 Patent" means U.S. Patent No. 5,000,827.

   4. As used herein, "Process" means any method, process, steps, or any combination thereof used by ON Semiconductor or on its behalf.

   5. As used herein, "Product" means systems or products that are produced, or contain components that are produced in whole or in part, from semiconductor materials that undergo processing that includes etching. Products include, but are not limited to, analog circuits, digital circuits, mixed-signal circuits, power management circuits, thermal managers, drivers, interface circuits, bipolar transistors, FETs, switches, amplifiers and comparators, EMI / RFI filters, diodes, rectifiers, thyristors, clock managers, and differential and standard logic components(individually or when integrated together).

6.  As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

7.  As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

8.  As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

9.  As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to requests and definitions containing those words.

10. As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

11. As used herein, the term "identity" as applied to a product means the product name, product type, product number (for those products with product numbers), model number (for those products with model numbers), marketing name, sales name, internal development name, revision level (for those products with revision levels), manufacturer, and any other designation known to ON Semiconductor.

12. As used herein, the term "identity" as applied to a process means the process name, process number (for those processes with process numbers), internal development name, revision level (for those processes with revision levels), and any other designation known to ON Semiconductor.

13. As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes the original and every non-identical copy or reproduction in the possession, custody, or control of ON Semiconductor, and further is used in a broad sense to refer to any electronic information or any tangible object or thing that contains, conveys, or records information.

## II. DEPOSITION TOPICS

The deposition pursuant to Fed. R. Civ. P. 30(b)(6) will cover the following matters:

1. The facts and circumstances surrounding the alleged conception, reduction to practice, and use at any time of the subject matter of the '827 patent including the identification of relevant electroplating machines, processes, products, witnesses, and any documents and things alleged to corroborate such conception, reduction to practice, or use.

2. The facts and circumstances related to the document bearing production numbers ON_00005560-5578, including the subject matter of the document, the individuals identified in the document, all drafts and copies of the document, the missing subject matter referenced in the document, the source of the document, and where the document is kept in the ordinary course of business.

3. The identity and use of electroplating machines at ON Semiconductor, including the identity and current location of the cup plater described in the document bearing production numbers ON_00005560-5578, and the identity and use of technology at ON Semiconductor to form "metallized bumps" within the meaning of the '827 patent.

4. The preparation and prosecution of the '827 patent and any related applications or patents, including any search for prior art.

5. The identity of any other processes or electroplating machines that use the method claimed in the '827 patent or any other companies against whom ON Semiconductor has asserted the '827 patent.

6. The facts and circumstances surrounding any companies with a license or other right to use the '827 patent at any time or for any purpose.

7.   The facts and circumstances surrounding ON Semiconductor's first awareness of electroplating or "metallized bump" technology at Samsung and ON Semiconductor's first awareness of alleged infringement, including the bases for that awareness.

8.   The identity of all electroplating machine models (e.g., "Slim Cell ECP (Applied Materials); Sabre Systems (Novellus); Raider ECD/ECD 310 (SemiTool)") that ON Semiconductor is aware of that ON Semiconductor contends are capable of using the method recited in the claims of the '827 patent, and the circumstances under which those models would be practicing the method recited in the claims of the '827 patent, including the circumstances under which steps (i), (j) and (k) of claim 1 of the '827 patent would be satisfied by use of the machine model.

9.   Authentication and business record foundation for documents related to the above topics.

**CERTIFICATE OF SERVICE**

I, Andrew A. Lundgren, Esquire, hereby certify that on May 30, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Karen Jacobs Louden, Esquire [*klouden@mnat.com*]
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> PO Box 1347
> Wilmington, DE 19899-1347

I further certify that on May 30, 2008, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

> Behrooz Shariati, Esquire [*bshariati@jonesday.com*]
> T. Gregory Lanier, Esquire [*tglanier@jonesday.com*]
> Jones Day
> 1755 Embarcadero Road
> Palo Alto, CA 94025

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Andrew A. Lundgren*
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
302-571-6600
*alundgren@ycst.com*