IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, L.L.C., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 07-449 (JJF) |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS  AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS  AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 06-720 (JJF) |
| v. | ) ) | |
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, L.L.C., | ) ) ) ) ) | |
| Defendants. | ) | |

**NOTICE OF DEPOSITION OF
SAMSUNG ELECTRONICS CO., LTD.
<u>PURSUANT TO FED. R. CIV. PROC. 30(b)(6)</u>**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of

Civil Procedure, ON Semiconductor Corp., and Semiconductor Components Industries, L.L.C.

(collectively "ON Semiconductor") will take the deposition by oral examination of Samsung

Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications

America General, L.L.C.; Samsung Semiconductor, Inc.; and Samsung Austin Semiconductor, L.L.C. (collectively, "Samsung").  The deposition will commence at **10:00 a.m.** on **June 24, 2008**, at the offices of Jones Day, 1755 Embarcadero Rd., Palo Alto, CA 94303, or at such other time and place as counsel may agree.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(6), Samsung must designate one or more officers, directors, managing agents, or other persons who are most qualified, knowledgeable and competent to testify on its behalf with respect to each of the topics described in Schedule A.  In addition, Samsung is requested to provide ON Semiconductor's counsel with written notice, at least one week in advance of the deposition, of the name and title of each witness who will testify on behalf of Samsung, and the particular topic(s) set forth in Schedule A as to which each such witness will testify.

The deposition will be taken before a notary public or other officer authorized to administer oaths under law, and will continue from day to day until completed.  The deposition will be recorded by sound and/or stenographic means and may be videotaped.  You are invited to attend.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Richard J. Bauer*

Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
klouden@mnat.com
rbauer@mnat.com
 *Attorneys for ON Semiconductor Corp.*
  *and Semiconductor Components Industries, L.L.C.*

2

*Of Counsel*:

Kenneth R. Adamo
JONES DAY
2727 North Harwood Street
Dallas, TX  75201-1515
(214) 220-3939

Tharan Gregory Lanier
Behrooz Shariati
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
(650) 739-3939

June 2, 2008

## SCHEDULE A

### DEFINITIONS AND INSTRUCTIONS

1. "ON SEMICONDUCTOR PATENTS" refers to the United States Patent Nos. 6,362,644; 5,563,594; 5,361,001; and 5,000,827, including any reexaminations.

2. "ON SEMICONDUCTOR PRODUCTS" refers to any accused apparatus, product, device, process, method, act, and/or other instrumentality that Plaintiffs asserts INFRINGE United States Patent No. 5,252,177.

3. "SAMSUNG," "YOU," and "YOUR" refers to Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications America General, LLC; Samsung Semiconductor, Inc.; and Samsung Austin Semiconductor, LLC, their present and former directors, officers, employees, attorneys, accountants, consultants, representatives, agents, subsidiaries, divisions, successors in interest, any partnerships or joint ventures to which any of the foregoing are a party, and/or other persons acting on behalf of any of the foregoing.

4. "SAMSUNG PRODUCTS" refers to Double Data Rate (DDR) Synchronous Dynamic Random Access Memory (SDRAM) including, but not limited to, DDR SDRAM, Mobile DDR SDRAM, DDR2 SDRAM, GDDR SDRAM, GDDR2 SDRAM, and GDDR3 SDRAM, as well as any integrated circuits manufactured using cup plating systems. The "SAMSUNG PRODUCTS" include, but are not limited to, the following product designations: K4B1G0446C-ZC(F7/F8/H9), K4B1G0846C-ZC(F7/F8/H9), K4B1G1646C-ZC(F7/F8/H9), K4D261638, K4D263238, K4D551638, K4H1G0438A, K4H1G0638C, K4H1G0738C, K4H1G0838A, K4H2G0638A, K4H510438C, K4H510438D-ZC(L)B3/CCC, K4H510638E, K4H510638H, K4H510738E, K4H510738H, K4H510838C, K4H510838D, K4H510838D-UC(L)B3/CCC, K4H510838D-ZC(L)B3/CCC, K4H511638C, K4H511638D, K4H511638D-UC(L)B3/CCC, K4H511638D-ZC(L)B3/CCC, K4H560438E, K4H560438H,

K4H560438H-UC(L)B0, K4H560438H-ZC(L)CC/B3, K4H560838E, K4H560838H, K4H560838H-UC(L)B3/CCC, K4H560838H-ZC(L)B3/CCC, K4H561638H, K4H561638H-UC(L)/B3/CCC, K4H561638H-ZC(L)B3/CCC, K4N51163Q, K4N56163Q, K4T1G044QA, K4T1G044QC, K4T1G044QC-ZC(D5/E6), K4T1G084QA, K4T1G084QC, K4T1G084QD-ZC(D5/E6), K4T1G164QA, K4T1G164QC, K4T1G164QD-ZC(D5/E6), K4T2G044QM, K4T2G084QM, K4T51043QC, K4T51043QE, K4T51043QE-ZC(CC/D5/E6), K4T51083QC, K4T51083QE, K4T51083QE-ZC(CC/D5/E6/E7), K4T51163QC, K4T51163QE-ZC(CC/D5/E6), K4T56043QF, K4T56043QG, K4T56083QF, K4T56083QG, K4U52324Q, K4X28163PH, K4X51163PC, K4X51163PE-(1)(2)(3)(4), K4X51323PC, K4X51323PE, K4X51323PE-(1)(2)(3)(4), K4X56163PG, K4X56163PG-(1)(2)(3)(4), K4X56323PG, K4X56323PG-(1)(2)(3)(4), K5E1G131CA-D075000, K5W1G12ACD-DK75000, K7D161874B, K7D163674B, K7D321874A, K7D321874C, K7D323674A, K7D323674C, K7D801871B, K7D803671B, K7I161882B, K7I161884B, K7I163682B, K7I163684B, K7I321882C, K7I321884C, K7I323682C, K7I323684C, K7I641882M, K7I641884M, K7I643682M, K7I643684M, K7J161882B, K7J163682B, K7J321882C, K7J323682C, K7J641882M, K7J643682M, K7K1618T2C, K7K1636T2C, K7K3218T2C, K7K3236T2C, KAG001002A-DJJY000, KAL00X001M-AJYY000, M312L2820EG(Z)0, M312L2820HZ0, M312L2828ET(U)0, M312L2828HU0, M312L2920CUS, M312L2920CZ0, M312L2920DZ3 -CB3/CCC, M312L2923CUS, M312L2923CZ0, M312L3223EG(Z)0, M312L3223ET(U)S, M312L3223HUS, M312L3223HZ0, M312L5128AU0, M312L5128AU1, M312L5620AUS, M312L5623AUS, M312L5628CU0, M312L5720CZ0, M312L5720DZ3-CB3/CCC, M312L6420EG(Z)0, M312L6420ET(U)S, M312L6420HUS, M312L6420HZ0, M312L6423EG(Z)0, M312L6423ET(U)S, M312L6423HUS, M312L6423HZ0,

2

M312L6523CUS, M312L6523CZ0, M312L6523DZ3 - CB3/CCC, M368L2923CUN, M368L2923DUN, M368L2923DUN-CB3/CCC, M368L3223ET, M368L3223HUS, M368L3324CUS, M368L3324DUS, M368L6423ET(U)M, M368L6423ET(U)N, M368L6423HUN, M368L6523CUS, M368L6523DUS, M368L6523DUS-CB3/CCC, M378B2873CZ0-C(F7/F8/H9), M378B5673CZ0-C(F7/F8/H9), M378B6474CZ0-C(F7/F8/H9), M378T2863AZ3, M378T2863CZ3, M378T2863DZS-C(D5/E6/E7/F7), M378T2953CZ3, M378T2953EZ3, M378T2953EZ3-C(D5/E6/E7/F7), M378T3354CZ3, M378T3354EZ3, M378T5663AZ3, M378T5663CZ3, M378T5663DZ3-C(D5/E6), M378T5763MZ3, M378T6453FZ3, M378T6553CZ3, M378T6553EZ3, M378T6553EZS-C(D5/E6/E7/F7), M381L2923CUM, M381L2923DUM, M381L2923DUM-CB3/CCC, M381L3223ET(U)M, M381L3223HUM, M381L6423ET(U)M, M381L6423HUM, M381L6523CUM, M381L6523DUM, M381L6523DUM-CB3/CCC, M391T2863AZ3, M391T2953CZ3, M391T2953EZ3, M391T5663AZ3, M391T5663CZ3, M391T5763MZ3, M391T6453FZ3, M391T6553CZ3, M391T6553EZ3, M392T2863CZA, M392T2950CZA, M392T2950EZA, M392T2953CZA, M392T2953EZA, M392T5160CJA, M392T5660CZA, M392T5663CZA, M392T6553CZA, M392T6553EZA, M393T1K66MZ3, M393T1K66MZA, M393T2863AZ3, M393T2863AZA, M393T2863CZ3, M393T2863CZA, M393T2950CZ3, M393T2950CZA, M393T2950EZ3, M393T2950EZ3-C(CC/D5), M393T2950EZA, M393T2950EZA-C(CC/D5/E6), M393T2953CZ3, M393T2953CZA, M393T2953EZ3, M393T2953EZ3-C(CC/D5), M393T2953EZA, M393T2953EZA-C(CC/D5/E6), M393T3253FZ3, M393T3253GZ3, M393T5160CZ0, M393T5160CZ0-C(CC/D5), M393T5160CZ4, M393T5160CZA, M393T5160CZA-C(CC/D5/E6), M393T5166AZ4, M393T5166AZA, M393T5168AZ0, M393T5263MZ3, M393T5263MZA, M393T5660AZ3, M393T5660AZA,

M393T5660CZ3, M393T5660CZ3-C(CC/D5), M393T5660CZA, M393T5660CZA-C(CC/D5/E6), M393T5663AZ3, M393T5663AZA, M393T5663CZ3, M393T5663CZ3-C(CC/D5), M393T5663CZA, M393T5663CZA-C(D5/E6), M393T5750CZ3, M393T5750CZ4, M393T5750CZA, M393T5750EZ3, M393T5750EZ3-C(CC/D5), M393T5750EZ3-C(CC/D5/E6), M393T5750EZ4, M393T5750EZA, M393T6450FZ3, M393T6450GZ3, M393T6453FZ3, M393T6453GZ3, M393T6553CZ3, M393T6553CZA, M393T6553EZ3, M393T6553EZA, M393T6553EZA-C(CC/D5/E6), M395T2953CZ4, M395T2953EZ4, M395T2953EZ4-CD5(50/60/20), M395T2953EZ4-CE6(50/60/20), M395T5160CZ4-CD5(50/60/20), M395T5160CZ4-CE6(50/60/20), M395T5750EZ4-CD5(50/60/20), M395T5750EZ4-CE6(50/60/20), M395T6553CZ4, M395T6553EZ4, M395T6553EZ4-CD5(50/60/20), M395T6553EZ4-CE6(50/60/20), M470L2923BN0 - C(L)B3, M470L2923DV0-CB300, M470L3224HU0, M470L3324CU0, M470L3324DU0, M470L6524CU0, M470L6524DU0-CB300, M470T2864AZ3, M470T2864CZ3, M470T2864DZ3-C(D5/E6), M470T2953CZ3, M470T2953EZ3, M470T2953EZ3-C(D5/E6), M470T3354CZ3, M470T3354EZ3, M470T5663CZ3, M470T5663CZ3-C(D5/E6), M470T5669AZ0, M470T6464AZ3, M470T6464CZ3, M470T6554CZ3, M470T6554EZ3, and M470T6554EZ3-C(D5/E6).  The "SAMSUNG PRODUCTS" also include, but are not limited to, products and chips made using the following systems: Applied Materials, Inc.'s SlimCell system; Novellus Systems Inc.'s Sabre System; Semitool Inc.'s Raider ECD, Raider ECD 310, Equinox systems; Electroplating Engineers of Japan Ltd.'s Posfer System; and Semicon Science Co. Ltd.'s or SSC's plating system (collectively "Cup Plating Machines").

     5.     "SAMSUNG PATENT" refers to United States Patent No. 5,252,177.

6. "SAMSUNG PATENTED PRODUCTS" refers to any product manufactured, sold, or licensed for/to/by Samsung that Samsung contends is covered by the SAMSUNG PATENT.

7. "RELEVANT TIME PERIOD" refers to the time period from November 30, 2000 through and including the actual date of the deposition.

8. "RELATING TO" means concerning, referring to, describing, evidencing, or constituting.

9. "COMMUNICATION" refers to any transmittal of information in the form of facts, ideas, inquiries, or otherwise.

10. "DOCUMENT" refers to the usage of this term in Federal Rule of Civil Procedure 34(a), and is synonymous in meaning and equal in scope to this usage, including, without limitation, electronically stored documents, photographs, tape recordings, or other sound or visual materials, computer databases, computer tapes, and any other materials that are in your actual or constructive possession, custody, or control, as well as all prior drafts of the foregoing, and copies of the foregoing on which any mark, alteration, writing, or other change from the original has been made. A draft or non-identical copy is a separate document within the meaning of the term.

11. "PRIOR ART" means any patent, published patent application, publication, reference, apparatus, device, system, public knowledge, public use, sale, offer of sale, or invention relating to the subject matter of the claims of the SAMSUNG PATENT that is dated or may have occurred prior to any filing date for the SAMSUNG PATENT, related patents, and related applications, including buy not limited to any system, method, apparatus,

device, publication, patent, or use which has been cited to Samsung by any person or entity as "prior art" to the SAMSUNG PATENT or any related patent or related application.

12. "INFRINGE" refers to, without limitation, both literal infringement and infringement under the doctrine of equivalents, contributory infringement, and inducement to infringe.

13. "ALL" refers to all and each, and "EACH" refers to all and each.

14. "AND" and "OR" refers to either disjunctive or conjunctive use as necessary to bring within the scope of the interrogatories all responses that might otherwise be construed to be outside of its scope.

15. The use of the singular form of any word includes the plural and vice versa.

## DEPOSITION TOPICS

1. The identity of each SAMSUNG PRODUCT and Samsung integrated circuit chip ("SAMSUNG CHIP") that has been manufactured by electroplating through the use of any of the Cup Plating Machines, and that have been imported, sold, made, used, and offered for sale in the U.S.

2. The identification by model number of the Cup Plating Machines purchased and/or used by Samsung.

3. The Samsung entity that purchased the Cup Plating Machines, and the Samsung entity that operates or uses the Cup Plating Machines to manufacture the SAMSUNG CHIPS or SAMSUNG PRODUCTS.

4. The Samsung entity in possession, custody or control of the Cup Plating Machines.

5. The Samsung entity or entities involved in the manufacture of the SAMSUNG PRODUCTS and SAMSUNG CHIPS, and the Samsung entity or entities involved in the sale, distribution, importation, offer for sale, and use of the SAMSUNG PRODUCTS and SAMSUNG CHIPS in the U.S.

6. The products that the SAMSUNG CHIPS are incorporated into for importation, sale, use, and/or offer for sale in the U.S.

7. For the SAMSUNG PRODUCTS and SAMSUNG CHIPS, the period of manufacture, and the period of importation, sale, use, and/or offer for sale in the U.S.

8. For the SAMSUNG PRODUCTS and SAMSUNG CHIPS, the location of electroplating with each of the Cup Plating Machines.

9. The purchase date and the period of use of each of the Cup Plating Machines purchased or used by Samsung.

10. The factors considered in Samsung's purchase of the Cup Plating Machines.

11. All training received by Samsung, including but not limited, training provided by the manufacturers of the Cup Plating Machines to Samsung for the operation, maintenance, troubleshooting, and use of the Cup Plating Machines, and all Samsung personnel that received such training, including but not limited to process flows, recipes, theory of operation, trouble shooting, and maintenance.

12. All materials received from the manufacturers of the Cup Plating Machines including but not limited to any drawings, notes, process flows, schematics, manuals, memorandums, presentations, and reports related to the Cup Plating Machines.

13. The design, structure and operation of each Cup Plating Machine including but not limited to any drawings, notes, specifications and specification databases, layouts and layout databases, process flows, schematics, manuals, memorandums, presentations, and reports related to the Cup Plating Machines.

14. The identity, content, and meaning of drawings, notes, specifications and specification databases, layouts and layout databases, process flows, schematics, manuals, memorandums, presentations, and reports related to the Cup Plating Machines.

15. Any proposed modifications and any modifications actually implemented to the Cup Plating Machines, including modifications (proposed or implemented) from an earlier model to a later model of a particular Cup Plating Machine.

16. The process used in manufacturing each SAMSUNG PRODUCT and SAMSUNG CHIP including all process steps and recipes.

17. The available processes and recipes for the manufacture of each SAMSUNG PRODUCT and SAMSUNG CHIP with any of the Cup Plating Machines, including but not limited to recipes and processes described in any notes, process flows, manuals, memorandums, presentations, and reports related to the Cup Plating Machines.

18. The processes and recipes actually used for the manufacture of each SAMSUNG PRODUCT and SAMSUNG CHIP with any of the Cup Plating Machines, including but not limited to recipes and processes described in any notes, process flows, manuals, memorandums, presentations, and reports related to the Cup Plating Machines.

19. The development of the processes and recipes actually used for the manufacture of each SAMSUNG PRODUCT and SAMSUNG CHIP with any of the Cup Plating

Machines, including but not limited to recipes and processes described in any notes, process flows, manuals, memorandums, presentations, and reports related to the Cup Plating Machines.

20. The design rules for all interconnect layers (metals, vias, and contacts) and pad for each layer for all SAMSUNG PRODUCTS and SAMSUNG CHIPS electroplated with the Cup Plating Machines.

21. The electroplating uniformity sought from the use of the Cup Plating Machines, and the actual uniformity achieved for each wafer used to manufacture the Samsung Products and Samsung chips from the use of the Cup Plating Machines.

22. The factors relevant to achieving electroplating uniformity for each wafer used to manufacture the SAMSUNG PRODUCTS and SAMSUNG CHIPS from the use of the Cup Plating Machines.

23. The testing and measurement performed to determine electroplating uniformity for each wafer used to manufacture the SAMSUNG PRODUCTS and SAMSUNG CHIPS from the use of the Cup Plating Machines, and the identity and content of any DOCUMENTS related to such testing and measurement.

24. The causes related to non-uniformity in electroplating a wafer from the use of the Cup Plating Machines, and the available corrective measures, and the corrective measures taken, to correct the non-uniformity.

25. The specific electroplating applications (*e.g.,* formation of metal, vias, contacts, or solder balls, etc.) for each Cup Plating Machine used by Samsung in the manufacture of the Samsung chips.

26. The type of material that is electroplated onto a wafer using the Cup Plating Machines.

27. The layout, arrangement and topography of the interconnect layers (metals, vias, and contacts) and pad (for each layer) for all SAMSUNG PRODUCTS and SAMSUNG CHIPS that were manufactured using the Cup Plating Machines.

28. With respect to drawings, schematics, manuals, memorandums, presentations, and reports related to the Cup Plating Machines produced by Samsung in this case, the confidentiality of such DOCUMENTS, and if so, the steps taken to maintain the confidentiality of the information.

29. The identity, roles, current whereabouts of the persons most knowledgeable about the operation, recipes, process flows, troubleshooting, maintenance, theory of operation, design, and structure of the Cup Plating Machines.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on June 2, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Josy W. Ingersoll
>John W. Shaw
>Andrew A. Lundgren

I also certify that copies were caused to be served on June 2, 2008 upon the following in the manner indicated:

### BY HAND AND EMAIL

Josy W. Ingersoll
John W. Shaw
Andrew A. Lundgren
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Flr.
Wilmington, DE  19899

### BY EMAIL

John M. Desmarais
James E. Marina
KIRKLAND & ELLIS
153 East 53rd Street
New York, NY  10022

*/s/ Richard J. Bauer*
_____
Richard J. Bauer (#4828)