IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, L.L.C., | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | C.A. No. 07-449 (JJF) |
| SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>  AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | |
| SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>  AMERICA GENERAL, L.L.C.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., | )<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | C.A. No. 06-720 (JJF) |
| v. | )<br>) | |
| ON SEMICONDUCTOR CORP. and<br>SEMICONDUCTOR COMPONENTS<br>INDUSTRIES, L.L.C., | )<br>)<br>)<br>) | |
| Defendants. | ) | |

**ON SEMICONDUCTOR'S SIXTH NOTICE OF DEPOSITION
PURSUANT TO FED. R. CIV. PROC. 30(b)(6)**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, ON Semiconductor Corp., and Semiconductor Components Industries, L.L.C. (collectively "ON Semiconductor") will take the deposition by oral examination of Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications America General, L.L.C.; Samsung Semiconductor, Inc.; and Samsung Austin Semiconductor,

L.L.C. (collectively, "Samsung"). The deposition will commence at **10:00 a.m.** on **July 10, 2008**, at the offices of Jones Day, 1755 Embarcadero Rd., Palo Alto, CA 94303, or at such other time and place as counsel may agree.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(6), Samsung must designate one or more officers, directors, managing agents, or other persons who are most qualified, knowledgeable and competent to testify on its behalf with respect to each of the topics described in Schedule A. In addition, Samsung is requested to provide ON Semiconductor's counsel with written notice, at least one week in advance of the deposition, of the name and title of each witness who will testify on behalf of Samsung, and the particular topic(s) set forth in Schedule A as to which each such witness will testify.

The deposition will be taken before a notary public or other officer authorized to administer oaths under law, and will continue from day to day until completed. The deposition will be recorded by sound and/or stenographic means and may be videotaped. You are invited to attend.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Richard J. Bauer*
Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
klouden@mnat.com
rbauer@mnat.com
*Attorneys for ON Semiconductor Corp.
and Semiconductor Components Industries, L.L.C.*

*Of Counsel*:

Kenneth R. Adamo
JONES DAY
2727 North Harwood Street
Dallas, TX 75201-1515
(214) 220-3939

Tharan Gregory Lanier
Behrooz Shariati
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
(650) 739-3939

June 9, 2008

## SCHEDULE A

### DEFINITIONS AND INSTRUCTIONS

1. "ON SEMICONDUCTOR PATENTS" refers to the United States Patent Nos. 6,362,644; 5,563,594; 5,361,001; and 5,000,827, including any reexaminations.

2. "ON SEMICONDUCTOR PRODUCTS" refers to any accused apparatus, product, device, process, method, act, and/or other instrumentality that SAMSUNG asserts INFRINGE United States Patent No. 5,252,177.

3. "SAMSUNG," "YOU," and "YOUR" refers to Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc. ("SEA"); Samsung Telecommunications America General, LLC ("STA"); Samsung Semiconductor, Inc. ("SSI"); and Samsung Austin Semiconductor, LLC ("SAS"), their present and former directors, officers, employees, attorneys, accountants, consultants, representatives, agents, subsidiaries, divisions, successors in interest, any partnerships or joint ventures to which any of the foregoing are a party, and/or other persons acting on behalf of any of the foregoing.

4. "SAMSUNG PRODUCTS" refers to Double Data Rate (DDR) Synchronous Dynamic Random Access Memory (SDRAM) including, but not limited to, DDR SDRAM, Mobile DDR SDRAM, DDR2 SDRAM, GDDR SDRAM, GDDR2 SDRAM, and GDDR3 SDRAM, as well as any integrated circuits manufactured using cup plating systems. The "SAMSUNG PRODUCTS" include, but are not limited to, the following product designations: K4B1G0446C-ZC(F7/F8/H9), K4B1G0846C-ZC(F7/F8/H9), K4B1G1646C-ZC(F7/F8/H9), K4D261638, K4D263238, K4D551638, K4H1G0438A, K4H1G0638C, K4H1G0738C, K4H1G0838A, K4H2G0638A, K4H510438C, K4H510438D-ZC(L)B3/CCC, K4H510638E, K4H510638H, K4H510738E, K4H510738H, K4H510838C, K4H510838D, K4H510838D-UC(L)B3/CCC, K4H510838D-ZC(L)B3/CCC, K4H511638C, K4H511638D,

K4H511638D-UC(L)B3/CCC, K4H511638D-ZC(L)B3/CCC, K4H560438E, K4H560438H, K4H560438H-UC(L)B0, K4H560438H-ZC(L)CC/B3, K4H560838E, K4H560838H, K4H560838H-UC(L)B3/CCC, K4H560838H-ZC(L)B3/CCC, K4H561638H, K4H561638H-UC(L)/B3/CCC, K4H561638H-ZC(L)B3/CCC, K4N51163Q, K4N56163Q, K4T1G044QA, K4T1G044QC, K4T1G044QC-ZC(D5/E6), K4T1G084QA, K4T1G084QC, K4T1G084QD-ZC(D5/E6), K4T1G164QA, K4T1G164QC, K4T1G164QD-ZC(D5/E6), K4T2G044QM, K4T2G084QM, K4T51043QC, K4T51043QE, K4T51043QE-ZC(CC/D5/E6), K4T51083QC, K4T51083QE, K4T51083QE-ZC(CC/D5/E6/E7), K4T51163QC, K4T51163QE-ZC(CC/D5/E6), K4T56043QF, K4T56043QG, K4T56083QF, K4T56083QG, K4U52324Q, K4X28163PH, K4X51163PC, K4X51163PE-(1)(2)(3)(4), K4X51323PC, K4X51323PE, K4X51323PE-(1)(2)(3)(4), K4X56163PG, K4X56163PG-(1)(2)(3)(4), K4X56323PG, K4X56323PG-(1)(2)(3)(4), K5E1G131CA-D075000, K5W1G12ACD-DK75000, K7D161874B, K7D163674B, K7D321874A, K7D321874C, K7D323674A, K7D323674C, K7D801871B, K7D803671B, K7I161882B, K7I161884B, K7I163682B, K7I163684B, K7I321882C, K7I321884C, K7I323682C, K7I323684C, K7I641882M, K7I641884M, K7I643682M, K7I643684M, K7J161882B, K7J163682B, K7J321882C, K7J323682C, K7J641882M, K7J643682M, K7K1618T2C, K7K1636T2C, K7K3218T2C, K7K3236T2C, KAG001002A-DJJY000, KAL00X001M-AJYY000, M312L2820EG(Z)0, M312L2820HZ0, M312L2828ET(U)0, M312L2828HU0, M312L2920CUS, M312L2920CZ0, M312L2920DZ3 -CB3/CCC, M312L2923CUS, M312L2923CZ0, M312L3223EG(Z)0, M312L3223ET(U)S, M312L3223HUS, M312L3223HZ0, M312L5128AU0, M312L5128AU1, M312L5620AUS, M312L5623AUS, M312L5628CU0, M312L5720CZ0, M312L5720DZ3-CB3/CCC, M312L6420EG(Z)0, M312L6420ET(U)S, M312L6420HUS, M312L6420HZ0,

2

M312L6423EG(Z)0, M312L6423ET(U)S, M312L6423HUS, M312L6423HZ0, M312L6523CUS, M312L6523CZ0, M312L6523DZ3 - CB3/CCC, M368L2923CUN, M368L2923DUN, M368L2923DUN-CB3/CCC, M368L3223ET, M368L3223HUS, M368L3324CUS, M368L3324DUS, M368L6423ET(U)M, M368L6423ET(U)N, M368L6423HUN, M368L6523CUS, M368L6523DUS, M368L6523DUS-CB3/CCC, M378B2873CZ0-C(F7/F8/H9), M378B5673CZ0-C(F7/F8/H9), M378B6474CZ0-C(F7/F8/H9), M378T2863AZ3, M378T2863CZ3, M378T2863DZS-C(D5/E6/E7/F7), M378T2953CZ3, M378T2953EZ3, M378T2953EZ3-C(D5/E6/E7/F7), M378T3354CZ3, M378T3354EZ3, M378T5663AZ3, M378T5663CZ3, M378T5663DZ3-C(D5/E6), M378T5763MZ3, M378T6453FZ3, M378T6553CZ3, M378T6553EZ3, M378T6553EZS-C(D5/E6/E7/F7), M381L2923CUM, M381L2923DUM, M381L2923DUM-CB3/CCC, M381L3223ET(U)M, M381L3223HUM, M381L6423ET(U)M, M381L6423HUM, M381L6523CUM, M381L6523DUM, M381L6523DUM-CB3/CCC, M391T2863AZ3, M391T2953CZ3, M391T2953EZ3, M391T5663AZ3, M391T5663CZ3, M391T5763MZ3, M391T6453FZ3, M391T6553CZ3, M391T6553EZ3, M392T2863CZA, M392T2950CZA, M392T2950EZA, M392T2953CZA, M392T2953EZA, M392T5160CJA, M392T5660CZA, M392T5663CZA, M392T6553CZA, M392T6553EZA, M393T1K66MZ3, M393T1K66MZA, M393T2863AZ3, M393T2863AZA, M393T2863CZ3, M393T2863CZA, M393T2950CZ3, M393T2950CZA, M393T2950EZ3, M393T2950EZ3-C(CC/D5), M393T2950EZA, M393T2950EZA-C(CC/D5/E6), M393T2953CZ3, M393T2953CZA, M393T2953EZ3, M393T2953EZ3-C(CC/D5), M393T2953EZA, M393T2953EZA-C(CC/D5/E6), M393T3253FZ3, M393T3253GZ3, M393T5160CZ0, M393T5160CZ0-C(CC/D5), M393T5160CZ4, M393T5160CZA, M393T5160CZA-C(CC/D5/E6), M393T5166AZ4, M393T5166AZA,

3

M393T5168AZ0, M393T5263MZ3, M393T5263MZA, M393T5660AZ3, M393T5660AZA, M393T5660CZ3, M393T5660CZ3-C(CC/D5), M393T5660CZA, M393T5660CZA-C(CC/D5/E6), M393T5663AZ3, M393T5663AZA, M393T5663CZ3, M393T5663CZ3-C(CC/D5), M393T5663CZA, M393T5663CZA-C(D5/E6), M393T5750CZ3, M393T5750CZ4, M393T5750CZA, M393T5750EZ3, M393T5750EZ3-C(CC/D5), M393T5750EZ3-C(CC/D5/E6), M393T5750EZ4, M393T5750EZA, M393T6450FZ3, M393T6450GZ3, M393T6453FZ3, M393T6453GZ3, M393T6553CZ3, M393T6553CZA, M393T6553EZ3, M393T6553EZA, M393T6553EZA-C(CC/D5/E6), M395T2953CZ4, M395T2953EZ4, M395T2953EZ4-CD5(50/60/20), M395T2953EZ4-CE6(50/60/20), M395T5160CZ4-CD5(50/60/20), M395T5160CZ4-CE6(50/60/20), M395T5750EZ4-CD5(50/60/20), M395T5750EZ4-CE6(50/60/20), M395T6553CZ4, M395T6553EZ4, M395T6553EZ4-CD5(50/60/20), M395T6553EZ4-CE6(50/60/20), M470L2923BN0 - C(L)B3, M470L2923DV0-CB300, M470L3224HU0, M470L3324CU0, M470L3324DU0, M470L6524CU0, M470L6524DU0-CB300, M470T2864AZ3, M470T2864CZ3, M470T2864DZ3-C(D5/E6), M470T2953CZ3, M470T2953EZ3, M470T2953EZ3-C(D5/E6), M470T3354CZ3, M470T3354EZ3, M470T5663CZ3, M470T5663CZ3-C(D5/E6), M470T5669AZ0, M470T6464AZ3, M470T6464CZ3, M470T6554CZ3, M470T6554EZ3, and M470T6554EZ3-C(D5/E6). The "SAMSUNG PRODUCTS" also include, but are not limited to, products and chips made using the following systems: Applied Materials, Inc.'s SlimCell system; Novellus Systems Inc.'s Sabre System; Semitool Inc.'s Raider ECD, Raider ECD 310, Equinox systems; Electroplating Engineers of Japan Ltd.'s Posfer System; and Semicon Science Co. Ltd.'s or SSC's plating system (collectively "Cup Plating Machines").

5.      "SAMSUNG PATENT" refers to United States Patent No. 5,252,177.

4

6. "SAMSUNG PATENTED PRODUCTS" refers to any product manufactured, sold, or licensed for/to/by Samsung that Samsung contends is covered by the SAMSUNG PATENT.

7. "RELEVANT TIME PERIOD" refers to the time period from November 30, 2000 through and including the actual date of the deposition.

8. "RELATING TO" means concerning, referring to, describing, evidencing, or constituting.

9. "COMMUNICATION" refers to any transmittal of information in the form of facts, ideas, inquiries, or otherwise.

10. "DOCUMENT" refers to the usage of this term in Federal Rule of Civil Procedure 34(a), and is synonymous in meaning and equal in scope to this usage, including, without limitation, electronically stored documents, photographs, tape recordings, or other sound or visual materials, computer databases, computer tapes, and any other materials that are in your actual or constructive possession, custody, or control, as well as all prior drafts of the foregoing, and copies of the foregoing on which any mark, alteration, writing, or other change from the original has been made. A draft or non-identical copy is a separate document within the meaning of the term.

11. "PRIOR ART" means any patent, published patent application, publication, reference, apparatus, device, system, public knowledge, public use, sale, offer of sale, or invention relating to the subject matter of the claims of the SAMSUNG PATENT that is dated or may have occurred prior to any filing date for the SAMSUNG PATENT, related patents, and related applications, including buy not limited to any system, method, apparatus,

5

device, publication, patent, or use which has been cited to Samsung by any person or entity as "prior art" to the SAMSUNG PATENT or any related patent or related application.

12. "INFRINGE" refers to, without limitation, both literal infringement and infringement under the doctrine of equivalents, contributory infringement, and inducement to infringe.

13. "ALL" refers to all and each, and "EACH" refers to all and each.

14. "AND" and "OR" refers to either disjunctive or conjunctive use as necessary to bring within the scope of the interrogatories all responses that might otherwise be construed to be outside of its scope.

15. The use of the singular form of any word includes the plural and vice versa.

### DEPOSITION TOPICS

1. SAMSUNG'S corporate structure and ownership, including but not limited to, the identity and ownership of any parent corporation(s), subsidiaries and affiliates, and its relationship with STA, SEA, SSI and SAS.

2. The corporate structure and ownership of STA SEA, SSI and SAS, and their relationship among each other.

3. The document, electronic mail, and voice mail retention policies of SAMSUNG.

4. The control, managerial or otherwise, SAMSUNG has over STA, SEA, SSI, and SAS.

5. The identity of each and every SAMSUNG PRODUCT, including each part number, part family, and manufacturing or importing entity.

6. The correlation of each and every SAMSUNG PRODUCT to other identifying information, including, for example, the correlation among each commercial part number, each internal SAMSUNG part number, each part family, and each part design (including schematic and layout designs).

7. The relationships from a design, structure, and development perspective for each SAMSUNG PRODUCT, including the grouping of the SAMSUNG PRODUCTS into representative groups for the purposes of this litigation.

8. When SAMSUNG first became aware of the ON SEMICONDUCTOR PATENTS, including an identification of all DOCUMENTS and COMMUNICATIONS relating to that awareness.

9. When SAMSUNG first received notice of the ON SEMICONDUCTOR PATENTS, including notice under any provision of 35 U.S.C. § 287 and identification of DOCUMENTS and COMMUNICATIONS relating to such notice.

10. SAMSUNG'S efforts to evaluate the SAMSUNG PRODUCTS for infringement of the ON SEMICONDUCTOR PATENTS, including any evaluations, analysises or opinions prepared by or on behalf of SAMSUNG and an identification of DOCUMENTS and COMMUNICATIONS relating to each such evaluation, analysis or opinion.

11. The subject matter of the ON SEMICONDUCTOR PATENTS.

12. The factual bases of SAMSUNG'S allegations that the ON SEMICONDUCTOR PATENTS are invalid, including DOCUMENTS and COMMUNICATIONS relating to those allegations.

13. The subject matter of each PRIOR ART reference of which Samsung is aware, including the PRIOR ART identified by Samsung in its responses to ON SEMICONDUCTOR'S interrogatories and any DOCUMENTS relating to that PRIOR ART.

14. The analysis and application of each PRIOR ART reference to the ON SEMICONDUCTOR PATENTS and any DOCUMENTS relating to each such analysis and application.

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on June 9, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Josy W. Ingersoll
>John W. Shaw
>Andrew A. Lundgren

I also certify that copies were caused to be served on June 9, 2008 upon the following in the manner indicated:

**BY HAND AND EMAIL**

>Josy W. Ingersoll
>John W. Shaw
>Andrew A. Lundgren
>YOUNG, CONAWAY, STARGATT & TAYLOR LLP
>The Brandywine Building
>1000 West Street, 17th Flr.
>Wilmington, DE  19899

**BY EMAIL**

>John M. Desmarais
>James E. Marina
>KIRKLAND & ELLIS
>153 East 53rd Street
>New York, NY  10022

>*/s/ Richard J. Bauer*
>_____
>Richard J. Bauer (#4828)