IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS CO., LTD, <br> SAMSUNG ELECTRONICS AMERICA, INC., <br> SAMSUNG TELECOMMUNICATIONS <br>    AMERICA GENERAL, L.L.C., <br> SAMSUNG SEMICONDUCTOR, INC., and <br> SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., <br><br>               Plaintiffs, <br>    v. <br><br> ON SEMICONDUCTOR CORP. and <br> SEMICONDUCTOR COMPONENTS <br>    INDUSTRIES, L.L.C., <br><br>               Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action No. 06-720 (JJF) |
| ON SEMICONDUCTOR CORP. and <br> SEMICONDUCTOR COMPONENTS <br>    INDUSTRIES, L.L.C., <br><br>               Plaintiffs, <br>    v. <br><br> SAMSUNG ELECTRONICS CO., LTD, <br> SAMSUNG ELECTRONICS AMERICA, INC., <br> SAMSUNG TELECOMMUNICATIONS <br>    AMERICA GENERAL, L.L.C., <br> SAMSUNG SEMICONDUCTOR, INC., and <br> SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., <br><br>               Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action No. 07-449 (JJF) |

**NOTICE OF RULE 30(b)(6) DEPOSITION OF DEFENDANTS/COUNTERCLAIM PLAINTIFFS REGARDING ON SEMICONDUCTOR'S JEDEC PARTICIPATION**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Samsung Electronics Co., Ltd, Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor L.L.C., (collectively "Samsung") will take the deposition upon oral examination of Defendants and Counterclaim Plaintiffs ON Semiconductor, Corp. & Semiconductor Components Industries, L.L.C. (collectively "ON Semiconductor"), through one or more of its officers, directors, employees, agents or other persons who consent to testify on its behalf, with respect to the topics listed in Appendix A.

The deposition will be taken by stenographic and/or videographic means before a notary public or other officer authorized by law to administer oaths, at the offices of Kirkland & Ellis LLP, c/o Edward C. Donovan, located at 655 Fifteenth Street, N.W., Washington, D.C. 20005, commencing at 9:30 am, on June 20, 2008, and will continue from day to day, as necessary, until completed. Samsung will use LiveNote. Samsung is willing to discuss with ON Semiconductor the convenience of this date and/or location for the deposition.

PLEASE TAKE FURTHER NOTICE that Samsung hereby requests that ON Semiconductor, at least by June 16, 2008, designate by service upon counsel for Samsung, the person or persons who will testify on its behalf regarding the topics set forth in Appendix A, and identify for each person so designated those topics or parts thereof to which s(he) will testify.

Respectfully Submitted,

_____
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
YOUNG, CONAWAY, STARGATT &
TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801-0391
(302) 571-6600
alundgren@ycst.com

OF COUNSEL

John M. Desmarais
Gregory S. Arovas
Jon T. Hohenthaner
James E. Marina
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611
(212) 446-4739

Edward C. Donovan
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
(202) 879-5000

*Attorneys for Samsung Electronics Co., Ltd, Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor L.L.C.*

Dated: June 10, 2008

## APPENDIX A

**I.   DEFINITIONS**

1.  As used herein, "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C., and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

2.  As used herein, "ON Semiconductor" means ON Semiconductor Corp. and Semiconductor Components Industries, LLC, and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

3.  As used herein, the term "ON Semiconductor Patents-in-Suit" means all patents asserted by ON Semiconductor against Samsung in this action, including any corrections and certificates of reexamination, including without limitation:  (i) United States Patent Nos. 6,362,644 ("the '644 patent"), (ii) United States Patent No. 5,563,594 ("the '594 patent"), (iii) United States Patent No. 5,361,001("the '001 patent"), and (iv) United States Patent No. 5,000,827 ("the '827 patent").

4.  As used herein, "JEDEC" means the JEDEC Solid State Technology Association, its predecessors, including the Joint Electron Device Engineering Council, successors, affiliates, representatives, and all of its committees and subcommittees.

5.  As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

6. As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

7. As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

8. As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to requests and definitions containing those words.

9. As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

10. As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes the original and every non-identical copy or reproduction in the possession, custody, or control of ON Semiconductor, and further is used in a broad sense to refer to any electronic information or any tangible object or thing that contains, conveys, or records information.

11. As used herein, "DDR Standards" means the JEDEC DDR, DDR2, DDR3, GDDR, GDDR2, GDDR3, and GDDR4 standards and proposed standards.

12. As used herein, "Motorola" means Motorola Inc. and all of its predecessors, successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on its behalf.

## II. DEPOSITION TOPICS

The deposition pursuant to Fed. R. Civ. P. 30(b)(6) will cover the following matters:

1.  ON Semiconductor's participation or involvement with JEDEC related to the DDR Standards, burst-read operation circuit technology, or on-die termination technology, including any internal or external communications, such as communications with JEDEC, individual JEDEC members, and/or Motorola, reflecting said participation or involvement, and including the identity and location of all of ON Semiconductor's representatives or guests to JEDEC meetings, and the authenticity, identity and location of all documents related to such participation or involvement.

2.  Motorola's participation or involvement with JEDEC related to the DDR Standards, burst-read operation circuit technology, or on-die termination technology, including Motorola's disclosure or non-disclosure of relevant intellectual property rights.

3.  ON Semiconductor's internal policies, procedures, and guidelines—both formal and informal—regarding its participation in JEDEC, including but not limited to the enforcement and compliance with JEDEC policies and procedures, including its patent policy and requirements to disclose relevant intellectual property rights.

4.  ON Semiconductor's communications internally or with third parties, such as JEDEC, individual JEDEC members, and/or Motorola, relating to JEDEC policies and procedures, including policies and procedures relating to the disclosure of intellectual property rights.

5.  ON Semiconductor's compliance or non-compliance with JEDEC policies and procedures related to the disclosure of intellectual property, including but not limited to the facts

and circumstances relating to ON Semiconductor's disclosure or non-disclosure to JEDEC or individual JEDEC members of any ON Semiconductor intellectual property rights related to the DDR Standards, burst-read operation circuit technology, or on-die termination technology.

6. All analyses, reports, and communications related to the DDR Standards, including reports, analyses, and communications related to the relationship between any ON Semiconductor or Motorola intellectual property rights and the DDR Standards, burst-read operation circuit technology, or on-die termination technology.

7. ON Semiconductor's decision(s) to become a JEDEC member and/or to participate in JEDEC meetings, the basis for such decision(s), the identity and location of the person(s) involved with such decision(s), and all internal or external communications related thereto.

8. The facts and circumstances relating to ON Semiconductor's awareness, understanding, and/or belief concerning any relationship between the DDR Standards and the ON Semiconductor Patents-in-Suit.

**CERTIFICATE OF SERVICE**

I, Andrew A. Lundgren, Esquire, hereby certify that on June 10, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Karen Jacobs Louden, Esquire [*klouden@mnat.com*]
> Morris Nichols Arsht & Tunnell
> 1201 North Market Street
> PO Box 1347
> Wilmington, DE 19899-1347

I further certify that on June 10 2008, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

> Behrooz Shariati, Esquire [*bshariati@jonesday.com*]
> T. Gregory Lanier, Esquire [*tglanier@jonesday.com*]
> Jones Day
> 1755 Embarcadero Road
> Palo Alto, CA 94303

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Andrew A. Lundgren*
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
302-571-6600
*alundgren@ycst.com*