IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS CO., LTD, <br> SAMSUNG ELECTRONICS AMERICA, INC., <br> SAMSUNG TELECOMMUNICATIONS <br>   AMERICA GENERAL, L.L.C., <br> SAMSUNG SEMICONDUCTOR, INC., and <br> SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., <br><br> Plaintiffs, <br> v. <br><br> ON SEMICONDUCTOR CORP. and <br> SEMICONDUCTOR COMPONENTS <br>   INDUSTRIES, L.L.C., <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action No. 06-720 (JJF) |
| ON SEMICONDUCTOR CORP. and <br> SEMICONDUCTOR COMPONENTS <br>   INDUSTRIES, L.L.C., <br><br> Plaintiffs, <br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD, <br> SAMSUNG ELECTRONICS AMERICA, INC., <br> SAMSUNG TELECOMMUNICATIONS <br>   AMERICA GENERAL, L.L.C., <br> SAMSUNG SEMICONDUCTOR, INC., and <br> SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action No. 07-449 (JJF) |

### SAMSUNG'S NOTICE OF SUBPOENA OF DAVID L. STOLFA

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Plaintiffs Samsung Electronics Co., Ltd, Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and

Samsung Austin Semiconductor L.L.C., (collectively "Samsung") served the attached subpoena by email, pursuant to an agreement between the parties, on June 9, 2008, and will take the deposition upon oral examination of David L. Stolfa. Samsung, by its counsel, will take the aforementioned deposition upon oral examination at the time and place shown on the attached subpoena, or at such other time and place as may be mutually agreed upon in writing by counsel for the parties. The examination will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure, and will continue from day to day until completed. Testimony from the deposition will be recorded by videographic, stenographic, audio, audiovisual, and/or real-time computer means. You are invited to attend.

Respectfully Submitted,

_____
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
YOUNG, CONAWAY, STARGATT &
TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801-0391
(302) 571-6700
alundgren@ycst.com

OF COUNSEL

John M. Desmarais
Gregory S. Arovas
Jon T. Hohenthaner
James E. Marina
Jason Choy
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611
(212) 446-4739

|  |  |
|---|---|
|  | Edward C. Donovan<br>KIRKLAND & ELLIS LLP<br>655 Fifteenth Street, N.W.<br>Washington, D.C. 20005-5793<br>(202) 879-5000 |
| Dated: June 11, 2008 | *Attorneys for Samsung Electronics Co., Ltd, Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor L.L.C.* |

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on June 11, 2008, I caused the foregoing document to be served upon the following counsel of record in the manner indicated below:

### BY ELECTRONIC FILING AND E-MAIL

Karen Jacobs Louden, Esquire [*klouden@mnat.com*]
Morris, Nichols, Arsht & Tunnel LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Behrooz Shariati, Esquire [*bshariati@jonesday.com*]
T. Gregory Lanier, Esquire [*tglanier@jonesday.com*]
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94025

Kenneth R. Adamo, Esquire [*kradamo@jonesday.com*]
Jones Day
2727 North Harwood Street
Dallas, TX 75201-1515


YOUNG, CONAWAY, STARGATT & TAYLOR LLP

/s/ Andrew A. Lundgren
_____
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
302-571-6600
*alundgren@ycst.com*

# TAB 1

Case 1:07-cv-00449-JJF    Document 139-2    Filed 06/11/2008    Page 1 of 3

⹂AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

District of Utah

SAMSUNG ELECTRONICS CO., LTD., et al., Plaintiffs

V.

ON SEMICONDUCTOR CORP., et al., Defendants

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   1:06-CV-00720-JJF  Pending in the United States District Court for the District of Delaware

TO:  David L. Stolfa
     1180 N. Kayenta Dr.
     Moab, UT 84532

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Red Cliffs Lodge, Mile Post 14 Highway 128, Moab, UT 84532 | 7/8/2008 9:30 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]  Attorney for Plaintiffs | 6/9/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jason Choy, Esq., Kirkland and Ellis LLP, 153 East 53rd Street, New York, NY 10022   Tel: (212) 446-4800

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

|  | PROOF OF SERVICE |  |
|---|---|---|
|  | DATE | PLACE |
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).