IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, <br><br> Defendants. | Civil Action No. 06-720 (JJF) |
| ON SEMICONDUCTOR CORP. and SEMICONDUCTOR COMPONENTS INDUSTRIES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR L.L.C., <br><br> Defendants. | Civil Action No. 07-449 (JJF) |

**SAMSUNG'S JUNE 27, 2008, NOTICE OF RULE 30(B)(6) DEPOSITION**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C. will take the deposition upon oral examination of ON Semiconductor Corp. and Semiconductor Components Industries, LLC, regarding the subject matter set forth in the attached Appendix B, which shall be interpreted in accordance with the definitions and instructions set forth in the attached Appendix A.

The deposition will begin at 9:30 a.m. on July 11, 2008, at the offices of Kirkland & Ellis LLP, 153 East 53rd Street, New York, New York, 10022, or at such other time and place as may be agreed upon in writing by counsel for the parties. The examination will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure, and will continue from day to day until completed. The testimony at the deposition will be recorded by videographic, stenographic, audio, audiovisual, and/or real-time computer means.

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants shall designate one or more officers, directors, managing agents, or other persons who consent to testify on their behalf as to each of the topics set forth in the attached Appendix B. Samsung requests that Defendants, at least by July 3, 2008, designate by service upon counsel for Samsung, the person or persons who will testify on their behalf regarding the topics set forth in Appendix B, and to identify for each person so designated those topics or parts thereof to which that person will testify.

You are invited to attend.

                    YOUNG CONAWAY STARGATT &
                    TAYLOR, LLP

*/s/ Andrew A. Lundgren*

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391
302-571-6600
*alundgren@ycst.com*

*Attorneys for SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA GENERAL, L.L.C., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR, L.L.C.*

OF COUNSEL:

John M. Desmarais
Gregory S. Arovas
Jon T. Hohenthaner
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022-4611
212-446-4800
*jdesmarais@kirkland.com*
*garovas@kirkland.com*
*jhohenthaner@kirkland.com*

Edward C. Donovan
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
202-879-5000
*edonovan@kirkland.com*

Dated: June 27, 2008

# APPENDIX A

## DEFINITIONS AND INSTRUCTIONS

1.    As used herein, "Samsung" means Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America General, L.L.C., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.L.C., and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

2.    As used herein, "Defendants" means ON Semiconductor Corp. and Semiconductor Components Industries, LLC, and all of their predecessors (merged, acquired, or otherwise), successors, subsidiaries, parents, sisters, divisions, departments, partnerships, and affiliates thereof, and all officers, directors, principals, agents, employees, attorneys, and other persons acting on their behalf.

3.    As used herein, "the '644 patent" means U.S. Patent No. 6,362,644.

4.    As used herein, "the '594 patent" means U.S. Patent No. 5,563,594.

5.    As used herein, "the '001 patent" means U.S. Patent No. 5,361,001.

6.    As used herein, "the '177 patent" means U.S. Patent No. 5,252,177.

7.    As used herein, "the '827 patent" means U.S. Patent No. 5,000,827.

8.    As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

9.    As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

10.    As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

11. As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to requests and definitions containing those words.

12. As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

13. As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes the original and every non-identical copy or reproduction in the possession, custody, or control of Defendants, and further is used in a broad sense to refer to any electronic information or any tangible object or thing that contains, conveys, or records information.

**APPENDIX B**

**DEPOSITION TOPICS**

1. The factual bases underlying Defendants' assertion that Samsung infringes the asserted claims of the '644 patent, including without limitation, the factual bases underlying Defendants' assertion that each accused product and/or process is covered by the asserted claims of the '644 patent.

2. The factual bases underlying Defendants' assertion that Samsung infringes the asserted claims of the '594 patent, including without limitation, the factual bases underlying Defendants' assertion that each accused product and/or process is covered by the asserted claims of the '594 patent.

3. The factual bases underlying Defendants' assertion that Samsung infringes the asserted claims of the '001 patent, including without limitation, the factual bases underlying Defendants' assertion that each accused product and/or process is covered by the asserted claims of the '001 patent.

4. The factual bases underlying Defendants' assertion that Samsung infringes the asserted claims of the '177 patent, including without limitation, the factual bases underlying Defendants' assertion that each accused product and/or process is covered by the asserted claims of the '177 patent.

5. The factual bases underlying Defendants' assertion that they do not infringe each claim of the '827 patent, including without limitation, the factual bases underlying Defendants' assertion that each accused product and/or process is not covered by each claim of the '827 patent.

6. The factual bases underlying Defendants' allegation in their Answer and Counterclaims in Civil Action No. 06-720, filed April 17, 2008 (D.I. 127), that "[t]he claims of

the '177 patent are invalid for failure to comply with one or more requirements of the Patent Laws of the United States, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116."

7. The factual bases underlying Defendants' allegation in their Answer and Counterclaims in Civil Action No. 06-720, filed April 17, 2008 (D.I. 127), that "[t]he relief sought by Plaintiff SEC is barred in whole or in part by the doctrine of laches, or waiver, or both."

8. The factual bases underlying Defendants' allegation in their Answer and Counterclaims in Civil Action No. 06-720, filed April 17, 2008 (D.I. 127), that "Plaintiffs claim for relief is barred, in whole or in part, by the application of the doctrine of equitable estoppel, including, but not limited to, the doctrine of prosecution history estoppel."

9. The factual bases underlying Defendants' allegation in their Answer and Counterclaims in Civil Action No. 06-720, filed April 17, 2008 (D.I. 127), that "the relief sought by Plaintiff SEC is barred by 35 U.S.C. § 287."

10. The factual bases underlying Defendants' claims for damages.

11. The factual bases underlying Defendants' allegations that Samsung's alleged infringement has caused Defendants irreparable harm.

12. The factual bases underlying Defendants' allegations that Samsung's alleged infringement has been willful.

13. The subject matter of the '644 patent.

14. The subject matter of the '594 patent.

15. The subject matter of the '001 patent.

16. The subject matter of the '177 patent.

17. The subject matter of the '827 patent, including without limitation, the alleged invention(s) of the '827 patent and the differences between the alleged invention(s) and the prior art.

18. The valuation of each patent-in-suit.

19. Defendants' efforts to evaluate any product or process for infringement of any of the patents-in-suit, including any evaluations, analyses, or opinions prepared by or on behalf of Defendants, and an identification of all documents and communications relating to each such evaluation, analysis, or opinion.

20. For each patent-in-suit, the subject matter of each prior art reference of which Defendants are aware, and the analysis and application of each such prior art reference to each patent-in-suit.

21. The factual bases underlying Defendants' allegations relating to secondary considerations of nonobviousness for each patent-in-suit.

22. The identity, location, and authenticity of documents relating to the categories set forth in paragraphs 1 through 21 above, including without limitation, the circumstances and Defendants' practices regarding the creation and retention of such documents.

23. The identity and location of witnesses knowledgeable about the categories set forth in paragraphs 1 through 22 above.

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on June 27, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Karen Jacobs Louden, Esquire [*klouden@mnat.com*]
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>PO Box 1347
>Wilmington, DE 19899-1347

I further certify that on June 27, 2008, I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

>Behrooz Shariati, Esquire [*bshariati@jonesday.com*]
>T. Gregory Lanier, Esquire [*tglanier@jonesday.com*]
>Jones Day
>1755 Embarcadero Road
>Palo Alto, CA 94303

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ Andrew A. Lundgren
>_____
>Andrew A. Lundgren (No. 4429)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19801
>302-571-6600
>*alundgren@ycst.com*